## TUCKER *v.* ALEXANDER, COLLECTOR.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 167.　Argued October 7, 1927.—Decided November 21, 1927.

In a suit to recover a tax brought against a Collector after the plaintiff has filed a claim for refund, made prerequisite by Rev. Stats. § 3226, the objection that the ground of recovery relied on was not sufficiently specified in the claim as required by Treasury Regulations and the statute, is an objection that may be waived by stipulation of the parties.  P. 230.

15 F. (2d) 356, reversed.

CERTIORARI, 273 U. S. 689, to a judgment of the Circuit Court of Appeals which affirmed a judgment of the District Court against the petitioner in a suit to recover a tax from the respondent Collector.

*Mr. Charles H. Garnett* for petitioner.

*Solicitor General Mitchell,* with whom *Messrs. A. W. Gregg,* General Counsel, and *F. W. Dewart,* Special At-

torney, Bureau of Internal Revenue, were on the brief, for respondent, presented the case in deference to the views of the court below.

MR. JUSTICE STONE delivered the opinion of the Court.

Petitioner, from March 1, 1913, and in 1920, was the owner of shares of stock in a corporation which in the latter year was dissolved and liquidated. A distribution of some portion of its assets to the stockholders had been made in May, 1913. The Commissioner of Internal Revenue taxed as income on dissolution the difference between the value of the property received by petitioner as a liquidating dividend, and the value of his stock on March 1, 1913, less the value of the distribution of May, 1913, which was treated as a return of capital. Petitioner paid the tax under protest, setting up that it was excessive, and after filing a claim for refund brought the present suit in the district court for western Oklahoma to recover the excess. In his claim for refund petitioner assigned as reasons for it (1) the Commissioner's erroneous computation of the value of the stock on March 1, 1913, and (2) his failure to deduct from the capital and surplus of the company at the date of liquidation the amount of certain outstanding debts which were assumed by the stockholders, but no explicit statement was made that the Commissioner had erred in decreasing the March 1, 1913 value, by the value of the property distributed in May, 1913, nor was that point raised by the petition in the district court which in effect merely repeated the allegations of the claim for refund.

In the course of the trial, petitioner, without objection by the government, abandoned the grounds of recovery stated in the petition and attacked only the Commissioner's deduction of the return of capital from the March 1, 1913 value. That issue alone was litigated. At the close of the trial counsel stipulated that, if the court

found the deduction to have been erroneously made, the petitioner should have judgment in a sum named. The district court's judgment against petitioner was affirmed by the court of appeals for the eighth circuit, 15 Fed. (2d) 356, which held that a recovery on grounds different from those set up in the claim for refund was precluded by § 3226 of the Revised Statutes, as amended by § 1014 of the Revenue Act of 1924 (c. 234, 43 Stat. 253, 343; U. S. C., Title 26, § 156). The case was brought here on certiorari to review this determination. 273 U. S. 689.

Section 3226 provides that "No suit or proceeding shall be maintained . . . for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; . . ." And article 1036 of Treasury Regulations No. 45 (1920 ed.), in force when the claim for refund was filed, requires that such claims "shall be made on Form 46 (revised)," and that "all the facts relied upon in support of the claim shall be clearly set forth under oath." In the form referred to a space was provided for the claimant to set out the reasons why his application should be allowed.

In our view of the case, the question considered by the circuit court of appeals was not properly before it, and it should have passed upon the merits. During the entire course of the trial no question was raised as to the sufficiency of the claim for refund. The only substantial issue litigated was the correctness of the Commissioner's deduction of the distribution of May, 1913. All other questions were taken out of the case by stipulation.

If the Collector and counsel for the government had power to waive an objection to the sufficiency of the de-

scription of the claim filed, it was waived here, and we need not consider the precise extent of the requirements prescribed by statute and regulations, nor whether petitioner's claim for refund fell short of satisfying them. The Solicitor General does not urge that the government's possible objection could not be waived but submits the question for our decision.

Literal compliance with statutory requirements that a claim or appeal be filed with the Commissioner before suit is brought for a tax refund may be insisted upon by the defendant, whether the Collector or the United States. *Kings County Savings Institution* v. *Blair,* 116 U. S. 200; *Maryland Casualty Co.* v. *United States,* 251 U. S. 342, 353, 354; *Nichols* v. *United States,* 7 Wall. 122, 130. But no case appears to have held that such objections as that urged here may not be dispensed with by stipulation in open court on the trial. The statute and the regulations must be read in the light of their purpose. They are devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial. Failure to observe them does not necessarily preclude recovery. If compliance is insisted upon, dismissal of the suit may be followed by a new claim for refund and another suit within the period of limitations. If the Commissioner is not deceived or misled by the failure to describe accurately the claim, as obviously he was not here, it may be more convenient for the government, and decidedly in the interest of an orderly administrative procedure, that the claim should be disposed of upon its merits on a first trial without imposing upon government and taxpayer the necessity of further legal proceedings. We can perceive no valid reason why the requirements of the regulations may not be waived for that purpose. We are not unmindful of those cases holding that in suits against the government no officer of the government may waive statutes of

limitations. *Finn* v. *United States*, 123 U. S. 227. Such waivers, if allowed, would defeat the only purpose of the statute and impose a liability upon the United States which otherwise would not exist—consequences which do not attach to the waiver here.

*Reversed.*