## SHAW v. UNITED STATES.

## B. F. SHAW PRINTING CO. v. SAME.

### Nos. 36982, 36983.

District Court, N. D. Illinois, E. D.
Oct. 7, 1930.

Haight, Adcock, Banning & Fathchild, of Chicago, Ill. (Irvin H. Fathchild, of Chicago, Ill., of counsel), for plaintiff.

George E. Q. Johnson, U. S. Atty., and John P. Barnes, Sp. Asst. U. S. Atty., both of Chicago, Ill., and R. E. Updike, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for the United States.

CARPENTER, District Judge.

Here are two suits brought for the recovery of federal income and profits taxes averred to have been erroneously assessed and collected. Pursuant to stipulation, the cases were consolidated for hearing. The taxes involved are for the calendar years 1919 and 1922, both inclusive.

From the evidence I make the following findings of fact:

B. F. Shaw Printing Company was incorporated under the laws of the state of Illinois in 1891. The period of corporate existence specified in the charter was twenty years. The corporate existence accordingly expired in 1911. At that time Mabel S. Shaw, the plaintiff in cause No. 36982, was the owner of all of the stock of that company. She was unaware, however, of the expiration of the corporate charter and continued to conduct the business under the old name of B. F. Shaw Printing Company. Finally, in January, 1921, the expiration of the corporate charter was discovered, and thereupon the business was again incorporated under the laws of the state of Illinois, and under the same corporate name. The new corporation carried on the business from and after that time.

For the years 1919 and 1920 Mabel S. Shaw filed corporation income and profits tax returns for the business, and computed the taxes on the net income disclosed, at corporation rates. The corporation returns showed a corporate tax determination of $726.75 for the year 1919, and $1,100.88 for the year 1920. The amounts so determined were subsequently assessed and paid; the 1920 amount being paid in equal installments of $275.22 each, on the 15th days of March, June, September, and December, 1921, respectively.

For the years 1919 and 1920 Mabel S. Shaw filed also individual income tax returns, and duly paid the taxes shown thereon, namely, $98.54 for 1919, and $786.80 for 1920.

For the calendar years 1921 and 1922 the new corporation, B. F. Shaw Printing Company, duly filed corporation income and profits tax returns, showing tax liabilities of $1,286.78 for the year 1921, and $1,314.82 for the year 1922, respectively. Amounts so shown on the returns for the respective years were assessed, and duly paid, as follows:

For the calendar year 1921:

| | | |
|---|---:|---:|
| March 15, 1922 | $ 250 | 00 |
| June 15, 1922 | 394 | 47 |
| September 15, 1922 | 321 | 15 |
| December 15, 1922 | 321 | 16 |
| Total | $1,286 | 78 |

For the calendar year 1922:

| | | |
|---|---:|---:|
| March 15, 1923 | $ 328 | 71 |
| June 15, 1923 | 328 | 71 |
| September 15, 1923 | 657 | 40 |
| Total | $1,314 | 82 |

Subsequently, in 1924, the Treasury Department issued a letter addressed to the B. F. Shaw Printing Company, asserting a deficiency of corporation income taxes for the calendar year 1919. The asserted deficiency was based largely upon a bookkeeping error on certain exhibits attached to the 1919 return, and not upon an actual understatement of income. Upon receipt of such letter, Mabel S. Shaw consulted with a relative, who was also an accountant, and upon his advice amended corporation income tax returns were prepared and filed for the corporate business for each of the years 1919 to 1922, both inclusive. The amended returns purported to compute the taxable income of the business for the years included upon the accrual basis. The amended returns showed additional taxes computed at corporate rates for $2,103.73 for the year 1919, and $2,971 for the year 1920, and overpayments for the years 1921 and 1922, aggregating $926.98. The deficiencies of tax shown by the amended returns for 1919 and 1920, totaling $5,074.73, were subsequently assessed, and upon demand by the collector were paid February 3, 1925. The overpayment of $926.98, shown by the amended returns for 1921 and 1922, was never credited or refunded.

The books of account of business conducted under the name and style of B. F. Shaw Printing Company, for the years 1921 to 1922, both inclusive, were regularly kept on the basis of cash receipts and disbursements. Upon the basis of cash receipts and disbursements, the taxable net income of said business, the invested capital, the resultant tax liability computed at corporation rates, and the overpayment of taxes upon the cor-

porate basis, for the calendar years 1919 to 1922, both inclusive, are as follows:

| | 1919 | 1920 | 1921 | 1922 |
|---|---|---|---|---|
| Taxable net income | $8,154.60 | $11,482.85 | $6,286.81 | $8,333.62 |
| Invested capital | 35,979.81 | 41,758.98 | 39,286.13 | |
| Total tax computed at corporation rates | 1,197.74 | 2,437.46 | 454.58 | 791.70 |
| Corporate tax paid | 2,830.48 | 4,071.88 | 1,286.78 | 1,314.82 |
| Overpayment on corporate basis | 1,632.74 | 1,634.42 | 832.20 | 523.12 |

This discloses a total overpayment on corporate basis of $4,622.48.

The consolidated net taxable income of the business, regarded as an individual proprietorship during the years 1919 and 1920, with the other individual income of Mabel S. Shaw, the proprietor, and the resultant tax determination and overpayment for said calendar years 1919 and 1920, is as follows:

| | 1919 | 1920 |
|---|---|---|
| Net taxable income from aforesaid business | $ 8,154 60 | $11,482 85 |
| Salary | 5,000 00 | 7,500 00 |
| Income from real estate | | 690 37 |
| Interest | 250 00 | 100 00 |
| Liberty bond interest | | 23 75 |
| | $13,404 60 | $19,796 97 |
| Deductions (per individual return) | 795 66 | 586 10 |
| Consolidated net taxable income | $12,608 94 | $19,210 87 |
| Exemption normal tax (per individual return) | 2,000 00 | 2,223 75 |
| | $10,068 94 | $16,987 12 |
| Normal tax | $ 688 72 | $ 1,197 97 |
| Surtax | 220 40 | 646 68 |
| Total tax | $ 909 12 | $ 1,844 65 |
| Actually paid: | | |
| On individual return | $ 98 54 | $ 786 80 |
| On assumed corporate basis | 2,830 48 | 4,071 88 |
| Total paid | $2,929 02 | $ 4,858 68 |
| Tax as above | 909 12 | 1,844 65 |
| Overpaid | $ 2,019 90 | $ 3,014 03 |

This shows a total overpayment for the years 1919 and 1920, on individual basis $5,033.93.

Separate refund claims on the forms prescribed by the United States Treasury Department were filed during July or August, 1925, for each of the years 1919 to 1922, both inclusive. On each of said claims the taxpayer was designated as B. F. Shaw Printing Company, and each claim was signed as follows: "Mabel S. Shaw, President of said Company."

The refund claims asserted that the taxes assessed and collected against the business were erroneous, in that they were computed upon net income determined upon the accrual basis, whereas the books of account were kept on the basis of cash receipts and disbursements. An audit report and schedules, affixed to and made a part of said refund claims, set forth the facts upon which said claims for refund were based. The audit report set forth, among other things, that the original corporate charter expired in 1911, as above found, and that the business was not reincorporated until 1921.

The Commissioner of Internal Revenue rejected all refund claims on March 4, 1926.

### Conclusions.

In these cases the principal contest was whether, for federal income tax purposes, the net income was to be determined upon the basis of cash receipts and disbursements, or upon the accrual basis. On that issue I find for the plaintiffs. The evidence was clear that the books of account were regularly kept on the basis of cash receipts and disbursements, and there was no evidence to justify a conclusion that they were kept on the accrual basis. Since the books of account were regularly kept upon the basis of cash receipts and disbursements, and since such method of accounting is common, usual, and well recognized, the Revenue Acts require that such method shall be used in computing the taxable income. Section 212 (b) of the Revenue Acts of 1918 and 1921 (40 Stat. 1064, 42 Stat. 237).

It was urged for the defendant, that, since the plaintiff in case No. 36982, under mistake, assumed that the business was still incorporated, and filed corporation returns for the years 1919 and 1920, she is now estopped to show the error. Clearly a taxpayer is not precluded from recovering taxes erroneously assessed and collected, merely because the error was in whole or in part his own. The statute authorizes refund of all overpayments of income taxes, upon claims being filed, no matter how the error in tax determination arose. Section 284, Revenue Act of 1926 (26 USCA § 1065). I am of the opinion, therefore, that the plaintiff in cause No. 36982 may show that under mistake it was assumed that the business was still incorporated during 1919 and 1920, but that it was in fact an individual proprietorship.

The defendant has questioned also the adequacy of the refund claims. That refund claims were filed for each of the years involved cannot be, and is not, questioned. The inaccuracy in designation of the taxpayer in the claims for the years 1919 and 1920 is not vital. Tucker v. Alexander, Collector, 275

U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253. Also the statement of facts in the refund claims clearly disclosed the expiration of the corporate charter in 1911, and the conduct of the business without reincorporation until 1921. I am of the opinion that the refund claims were a sufficient compliance with the law.

The plaintiff in case No. 36982 is accordingly entitled to judgment for overpayment of $2,019.90 for the year 1919, and $3,014.03 for the year 1920, with interest on said amounts from the date or dates of payment, as required by law. And the plaintiff in case No. 36983 is accordingly entitled to judgment for overpayment of $832.20 for the year 1921, and $523.12 for the year 1922, with interest on said amounts from the date or dates of payment, as required by law.

An order may be prepared in accordance herewith.