## SOLOMON v. UNITED STATES.

District Court, S. D. New York.

Dec. 22, 1930.

See, also, 44 F.(2d) 238.

John F. Hughes, of New York City, for plaintiff.

Robert E. Manley, of New York City (Ernest Lappano, Asst. U. S. Atty., of New York City, of counsel), for the United States.

KNOX, District Judge.

In this action, plaintiff seeks to recover the sum of $27,777.73, with interest thereon, which is asserted to represent an overpayment of his income taxes for the year 1919. The collector of internal revenue to whom the alleged overpayment was made, not being in office at the time suit was commenced, the action is prosecuted against the United States.

Pursuant to the terms of a written agreement made with Hahlo Company, a New York corporation, under date of December 31, 1918, plaintiff entered its employ as a salesman and undertook to serve as such throughout the year 1919. This he did. The agreement provided that the plaintiff should receive an annual salary of $25,000 per annum, and in addition thereto a sum equal to 10 per cent. of the net profits of the company for the year over which his employment extended. After providing as to the manner in which the net profits should be calculated, the contract specified as follows:

"Said additional compensation shall be further subject to the following restrictions:

"(a) The additional compensation may be adjusted in accordance with later adjustments of the net income for the year ended December 31, 1919, as finally adjusted by the Treasury Department of the United States.

"(b) The time at which additional compensation shall become due and payable shall be left to the discretion of the Board of Directors of the Company but in no event shall the time exceed the time of the final determination of the net profits by the Treasury Department of the U. S. Government."

Hahlo Company kept its books on an accrual basis, and in the course of the year 1919 the plaintiff was credited thereon with salary and commission in the total amount of $103,160.56. During that year, however, the plaintiff received only $48,841.82 of the sum so credited. The payments aggregating this amount were made up of the salary of $25,000 and commissions of $23,841.82.

On March 15, 1920, plaintiff filed his income tax return for the year 1919; the same being prepared by the accountant for the Hahlo Company. It showed a gross income made up of salary, commissions, and interest in the amount of $107,615.68. From this plaintiff made deductions representing losses on stocks, interest payments, contribu-

tions, and personal exemptions to the extent of $5,830.79, leaving his income subject to tax at $101,784.89. At the rates of taxation then in force, plaintiff's tax was fixed at $33,460.93, all of which was duly paid within the year 1920.

Plaintiff kept no books of account save a record of his bank balances, and a check book on the stubs of which he listed his disbursements. It was from these papers that determination was made of plaintiff's stock losses, interest payments, and contributions to charity. The remainder of the items going in the return were taken from the books of the Hahlo Company.

The income tax return of that corporation for the year 1919 showed a net income of $736,004.81 and a tax of $306,330.55. By reason of an additional assessment of tax amounting to $350.32, made by the Commissioner of Internal Revenue, the company's total tax for the year reached $306,680.87, which was duly paid.

On December 25, 1925, Hahlo Company filed a claim for a refund of the taxes paid on account of its income for 1919. On November 26, 1928, this claim, in part at least, proved successful, with the result that the net income for 1919 was fixed at $609,446.79, with a consequential reduction in the tax.

On March 6, 1925, plaintiff filed a waiver with one of the local collectors of internal revenue, whereby the time within which additional assessments of tax for 1919 might be made, or claims for refunds thereon asserted, was extended to March 6, 1926. This was followed on December 31, 1925, by plaintiff's claim for a refund of $14,000 on account of his 1919 tax. The reason assigned for the refund was in these words: "Profits were credited to the claimant on the basis of erroneous profits ascribed to Hahlo Company for the calendar year 1919. Brief will follow."

On May 26, 1926, the Commissioner of Internal Revenue advised plaintiff that his claim for refund had been "examined," but that "inasmuch as no brief has been received and no information has been furnished to substantiate your statement (of reasons for refund) your claim will be rejected. The rejection of your claim will officially appear on the next schedule to be approved by the Commissioner."

The rejection was followed on May 10, 1928, by an application by Solomon for a reopening of his claim for refund in which he stated that "the cause of the taxpayer failing to file a brief supporting a claim for refund was due to the fact that the profits of Hahlo Co. were not and even to this date have not been finally determined and therefore precluded the taxpayer from setting forth a correct computation of his net income. By referring to contract entered into between Hahlo and Arthur Solomon on December 31, 1918, a copy of which is set out herein * * * it will be noted that the true compensation of Arthur Solomon cannot be arrived at until the profits of Hahlo Co. are finally determined by the Treasury Department. * * *"

Solomon then proceeded to set out that his true net income could not be determined until that of the Hahlo Company was finally fixed, and to allege, as he had not previously done, that, inasmuch as he kept his books on a cash income and disbursement basis, his tax should accordingly be so computed.

Under date of May 25, 1928, the Commissioner again told Solomon the reason for the rejection of his claim, and added that the original return expressly indicated it to have been made on an accrual basis. The Commissioner's letter contained these concluding paragraphs:

"In this connection, you are advised that as this issue was presented to this office for the first time after the expiration of the date on which a valid claim for refund based thereon could be filed, consideration will not be given thereto and the claim for refund filed within the statutory period will not be reopened for the purpose of injecting therein a new issue presented for the first time subsequent to the expiration of the Statute of Limitations."

"In view of the foregoing, the request for the reopening of the claim is denied."

The present suit was begun upon the succeeding day.

The original petition has been twice amended; the second amended petition having been filed on June 4, 1929. That pleading contains two alleged causes of action; in the first of these plaintiff sets up that, in filing his return for 1919, he overstated his income to the extent of $12,655.80, as a result of which he seeks a refund of $7,123.80. These sums are reached by calculations made on the reduction of $126,558.02 in the income of the Hahlo Company for 1919, which was allowed by the Commissioner of Internal Revenue. As Solomon was entitled under his contract to 10 per cent. of the company's net profits, he alleges that his income, taken upon an accrual basis, should be reduced by $12,655.80.

In the second cause of action, plaintiff says that, inasmuch as his books and records for 1919 were kept upon a cash receipt and disbursement basis, the only portion of his 1919 income on which he is properly taxable in that year was the sum of $48,841.82, which he actually received, less his losses of $3,184.50, or $45,657.32. He concludes that the computation of his tax should be limited to the last-mentioned sum, and that any payment made to the collector in excess of such computation constituted an overpayment of taxes, which should be returned to him. The total of such alleged overpayment is fixed at $25,777.75.

At the end of the trial, plaintiff asked leave to amend his pleadings to conform to the proof, and this he was permitted to do. As a result, he now asserts that, inasmuch as the only income which actually accrued to him during 1919 is the sum which physically came into his possession, and that under either cause of action his income would be the same, if this contention be held to be correct, the tax on such income would be $7,682.20, and, as Solomon has paid the collector $33,460.33, the extent of the recovery to which he is entitled is $25,777.13.

Irrespective of the amendment at the trial, plaintiff here argues both causes of action, as set forth in the second amended petition. In answer to the claims as there set forth, the government says that the first cause of action is not sustained by the proof, and that no recovery can be had on the second, for the reason that it is based on a ground wholly different from that stated in the application for refund.

Taking up plaintiff's argument to the effect that the only income which definitely accrued to him in 1919 was the sum of $48,841.82, which he actually received, I may say that it is unconvincing.

While Solomon's contract with Hahlo Company provided that his compensation might be effected by such adjustments of the company's income as should be made by the Treasury Department, the events and circumstances which fixed the income of the Hahlo Company for the year 1919, and upon which any adjustment would necessarily rest, occurred within that tax year. Under the agreement, the function which it was stipulated should be performed by the Treasury Department was nothing more than that of an auditor. As matters eventuated, the net income of the Hahlo Company was finally ascertained to be $609,446.79. That sum undoubtedly accrued in 1919, and the portion thereof to which Solomon was entitled must be held to have accrued within the same year. The facts now before the court are radically different from those which were the subject of adjudication in S. Naitove & Co., Inc., v. Commissioner, etc., reported in 59 App. D. C. 53, 32 F.(2d) 949, where the profits of the employees in a business enterprise for a particular year were subject to diminution to the extent of the company's losses for the succeeding five years. Therefore the last-mentioned decision is not pertinent to the present controversy. As was said in United States v. Anderson, 269 U. S. 422, at page 441, 46 S. Ct. 131, 134, 70 L. Ed. 347: "It is also true that in advance of the assessment of a tax, all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it." And that is precisely what happened here.

It follows that the most plaintiff can claim, under the most favorable construction of his contract, is that his commissions for the year were returned as amounting to $78,160.56, instead of the sum of $60,944.68. But, even so, the parties did not themselves carry out the written terms of their contract. Both of them saw fit to regard the commission, which was credited to Solomon in 1919, as a fixed liability upon the part of the corporation, and thereafter, but prior to either of the claims for a refund, treated the commission as such. The Hahlo Company went out of existence in 1923, its assets being taken over by a new corporation controlled by Julius H. Hahlo and the plaintiff, and known as Hahlo &. Solomon, Inc. At this time, Julius H. Hahlo owned all of the capital stock of the original company. At the time of its dissolution, the company was indebted to Solomon in the total sum of $62,000, which included such portion of his 1919 commissions as had not been paid to him. At the time of the formation of the corporation, Solomon liquidated the indebtedness of the Hahlo Company by accepting an equivalent amount of preferred stock in the new corporation. It was also agreed that Solomon should share to the extent of 10 per cent. in any refund of taxes for the year 1919 which the Hahlo Company might be able to secure. The record does not disclose if Solomon has, as a matter of fact, participated in the refund which was made to Hahlo Company, but it is clear that he has received in cash, or in stock of Hahlo & Solomon, every penny of commissions with which he was credited in 1919. In answer to this, it may be said that agreements relating to the

1919 commission, which were made subsequent to 1919, have little, if any, bearing on the question as to whether the commissions, as credited, should be regarded as income which accrued to Solomon in that year. Nevertheless, the occurrence of such events as have been recited, and which took place prior to any claim for refund, do give rise to the existence of a tax right on the part of the United States, which, so far as this record is concerned, has not been heretofore recognized by the plaintiff. The existence of such right may now be properly shown by the defendant. New York Life Insurance Co. v. Anderson (C. C. A.) 263 F. 527, 530. Furthermore, the evidence on this branch of the case, taken in connection with the contents of the claim, establishes that plaintiff did not furnish the Commissioner with all of the facts that were relevant and material to the allowance of the refund which was asked. As was said by Mr. Justice Stone in Tucker v. Alexander, 275 U. S. 228, 231, 48 S. Ct. 45, 46, 72 L. Ed. 253: "The statute and the regulations must be read in the light of their purpose. They are devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial."

How, it may be asked, could the government pass intelligently upon the validity of plaintiff's claim, or in what manner could it prepare to plead a counterclaim, if one existed, when, under the circumstances here disclosed, the foundation for the refund was limited to the assertion that "profits were credited to the claimant on the basis of erroneous profits ascribed to Hahlo Company for the calendar year 1919. Brief will follow"? Even if it be assumed that this reference to the Hahlo Company imposed upon the Commissioner the duty of looking at the brief filed in support of the claim of the Hahlo Company, the performance of it would not have apprised him of the relationship existing between that company and the plaintiff; nor would it have disclosed the manner in which Solomon and the Hahlo Company had handled the credit which was given him in 1919, on the books of the Company. The brief of the Hahlo Company disclosed no contract as between itself and Solomon, and without it no conclusion could be reached as to the effect which a revision of the Hahlo Company's net profits for 1919 would have on the commissions payable to Solomon. There was no reason whatsoever, having in mind the relationship between Solomon and the Hahlo Company, why he should not have

set forth a synopsis of the Hahlo claim, and predicated his own claim on the facts there presented. He chose to do otherwise, and in my judgment his claim for a refund was properly rejected. The Commissioner had a right to insist upon a strict compliance with the statute and the regulations relating to claims for refunds, and plaintiff has no excuse for complaint as a result. Tucker v. Alexander, supra, 275 U. S. page 231, 48 S. Ct. 45, 72 L. Ed. 253. It was Solomon's duty to so state his claim for refund that the Commissioner would be in a position to know all the facts which were pertinent to its allowance, and which would enable him to prepare for trial, if a conclusion not to allow the claim should be reached. Not having done so, Solomon cannot recover on either of the theories which he advances. This disposition of the matter overcomes the necessity of further discussion.

Petition dismissed, with costs.