## ELBEE CHOCOLATE CO. v. UNITED STATES.

### No. L–4227.

District Court, E. D. New York.

May 6, 1932.

Benjamin Mahler, of New York City (Irving Levinson, of New York City, of counsel), for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y (A. D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. E. Angevine, Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

GALSTON, District Judge.

In this suit, pursuant to the provisions of section 24, paragraph 20, of the Judicial Code (U. S. Code, title 28, § 41, subdivision 20 [28 USCA § 41 (20)]), plaintiff seeks to recover the sum of $3,750.48, income and profits taxes paid for the calendar year 1918.

The case was tried upon a stipulation of facts from which it appears that the plaintiff was affiliated with two other domestic corporations, Levine Bros., Inc., and Sterling Chocolate Company, Inc., within the meaning of section 240(b) of the Revenue Act of 1918 (40 Stat. 1082). On July 15, 1919, the plaintiff filed a consolidated return covering the period from March 1, 1918, to February 28, 1919, in which there was included, in addition to its own income, the income of the two affiliated companies. The consolidated return showed total tax liability of $85,088.49, which was duly paid.

Thereafter these three companies filed with the Commissioner of Internal Revenue waivers extending the time to make assessments of additional taxes to January 17, 1926.

On December 12, 1922, the affiliated corporations filed a claim with the Commissioner of Internal Revenue for a portion of the tax paid, and a further claim for refund was filed on March 15, 1924. The grounds relied upon in this claim related to adjustment of invested capital resulting from a combination of fractional parts of the calendar and fiscal years of the respective affiliated corporations, adjustments in invested capital resulting from acquisition of good will prior to March 3, 1917, and a claim for assessment under the provisions of sections 327 and 328 of the Revenue Act of 1918, (40 Stat. 1093), commonly referred to as special assessment. The second claim for

refund filed on March 15, 1924, relates solely to the matter of special assessment.

An audit of the return led the Commissioner of Internal Revenue, by letter dated April 17, 1924, to hold that the return should include (a) the income of the plaintiff from March 1, 1918 to December 31, 1918; (b) the income (net loss) of the Sterling Chocolate Company, Inc., from April 1, 1918 to December 31, 1918; and (c) the income of Levine Bros., Inc., the parent company, for the calendar year 1918. Accordingly the Commissioner determined the consolidated net income to be $123,364.66 for those periods, and the consolidated invested capital $268,817.34.

On such readjusted consolidated return the Commissioner determined a tax liability of the group for the year 1918 of $73,458.67, and found that five-sixths of the $85,088.49 previously paid was applicable to the calendar year 1918. On the basis of the readjusted figures, after making allowance for an assessment of $579.45 which had been made, there resulted a net deficiency in taxes for the calendar year 1918 of $1,972.08.

A so-called deficiency letter was addressed by the Commissioner to Levine Bros., Inc., the parent company, advising of the deficiency. Levine Bros., Inc., thereafter, on September 9, 1925, filed its petition for appeal to the United States Board of Tax Appeals, and on December 19, 1925, filed an amendment to the petition. On November 30, 1926, the Board of Tax Appeals rendered its decision, in which the Board sustained in part the allegations of the petition and held that Levine Bros., Inc., was entitled to further depreciation on machinery and was entitled to a claimed deduction for loss of useful value of certain machinery.

Subsequently a further hearing was had before the Board, which determined that the consolidated net income was to be fixed at $108,091.22, and that the total tax liability as adjusted was to be $60,283.04. Of that amount the Elbee Chocolate Company was chargeable with $47,791.45; and the order determined that the total tax previously paid by the group, to wit, $70,907.70, was to be credited on the basis of $13,528.04 to Levine Bros., Inc., and $57,379.03 to the Elbee Chocolate Company. This order likewise determined that Levine Bros., Inc., had overpaid its tax in the sum of $1,615.90.

Thereafter the Commissioner of Internal Revenue audited the claim for refund which had been filed by the consolidated group on December 12, 1922, and in accordance with the Board's decision issued a certificate of overassessment to the Elbee Chocolate Company, from which it appears that there was an overassessment of $9,587.58, of which sum $3,750.48 was held to be barred by the statute of limitations.

Demand having been made by the plaintiff for this sum of $3,750.48, and the Commissioner having taken the position that no further refund under the law could be made, this suit was brought.

It seems that the sole question involved is whether the plaintiff is entitled to a refund of taxes based upon the allegations of fact set forth in the petition of Levine Bros., Inc., and the findings of fact of the United States Board of Tax Appeals in the consideration of that petition, when it appears that the grounds set forth in said petition of Levine Bros., Inc., so far as they affected the plaintiff, were not set forth in the claim for refund filed within the statutory period by the affiliated group.

The Revenue Act of 1918 provides:

"Sec. 240. (a) That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return. * * *

"In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. * * *"

Revenue Act of 1926: "Sec. 283. (j) In cases within the scope of subdivisions (b) or (f) of this section where any hearing before the board has been held before February 26, 1926 [the enactment of this Act], and the decision is rendered after said date [the enactment of this Act], such decision shall, for the purposes of this chapter, be considered to have become final upon the date when it is rendered and neither party shall have any right to petition for a review of the decision. The commissioner may, within one year from the time the decision is rendered, begin a proceeding in court for the collection of any part of the amount disallowed by the board, unless the statutory period of limitations properly applicable

thereto has expired before the appeal was taken to the board. The court shall include in its judgment interest upon the amount thereof in the same cases, at the same rate, and for the same period, as if such amount were collected otherwise than by proceeding in court. In any such proceeding by the commissioner or in any suit by the taxpayer for a refund, the findings of the board shall be prima facie evidence of the facts therein stated." 26 USCA § 1064 (j).

Revenue Act of 1928:

"Sec. 507. Overpayments Found By Board of Tax Appeals."

"Sec. 284 (e) of the Revenue Act of 1926 is amended to read as follows:

"(e) If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer as provided in subdivision (a). Unless claim for credit or refund, or the petition, was filed within the time prescribed in subdivision (g) for filing claims, no such credit or refund shall be made of any portion of the tax paid more than four years (or, in the case of a tax imposed by this title, more than three years) before the filing of the claim or the filing of the petition, whichever is earlier." 26 USCA § 1065 (e).

Regulations 45, Bureau of Internal Revenue, promulgated January 28, 1921: "Art. 1036. Claims for refund of taxes erroneously collected. Claims by the taxpayer for the refunding of taxes and penalties erroneously or illegally collected shall be made on form 46 (revised). In this case, as in that of claims for abatement, the burden of proof rests upon the claimant. All the facts relied upon in support of the claim should be clearly set forth under oath."

 The plaintiff contends that an appropriate and timely claim was filed. It is contended that the petition filed by Levine Bros., Inc., on September 9, 1925, and amended December 19, 1925, took the place of a claim for refund and operated as such claim, not only for the benefit of Levine Bros., Inc., but for the plaintiff as well. If that were so, then it would follow that a timely claim had been filed by the plaintiff.

On the other hand, the government contends that the filing of the petition by Levine Bros., Inc., and the disclosure of all the grounds relied upon therein cannot profit the plaintiff because the plaintiff was not a petitioner before the Board. This defense is narrow and technical, but, nevertheless, presents apparently an insuperable obstacle to the plaintiff's position.

It is true that both the Board of Tax Appeals and the Commissioner had all the facts before it that possibly could be presented on the hearing of an independent claim which might have been filed by the plaintiff. The plaintiff cites the case of Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 46, 72 L. Ed. 253, in which it is said:

"The statute and the regulations must be read in the light of their purpose. They are devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial. Failure to observe them does not necessarily preclude recovery." But this case is hardly applicable. There is nothing presented in the record which shows that the plaintiff was led into a trap by government officials, nor indeed do government agents owe a duty to the taxpayer to instruct the taxpayer in the relevant law or procedure.

Plaintiff's position arises out of the assumption that the deficiency notice of July 16, 1925, addressed to Levine Bros., Inc., constituted a notice to all members of the group; and on the second assumption that the findings of the Board arising from a consideration of the petition of Levine Bros., Inc., are applicable to all members of the group.

It seems that there have been uniform holdings of the Board of Tax Appeals that, where notice of deficiency is given by the Commissioner to one member of an affiliated group, such notice does not give the Board jurisdiction to determine the tax liability of the other members of the group. In Caughey-Jossman Co. v. Commissioner of Internal Revenue, 8 B. T. A. 201, it was said: "And this is so, even though the two are affiliated companies, for the reason that section 240 of the statute provides that, in the case of such companies, the tax shall 'be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each.' Thus, for purposes of assessment and collection, the separate identity of each of the corporations is recognized."

From decisions of the same kind involving a similar set of facts, apparently there has been no appeal to the courts. At least no reported decision has been called to my attention. I agree with the interpretation of the quoted portion of section 240 (a) of the Act of 1918.

Another aspect of the matter may be considered, since it is urged by the plaintiff. The Commissioner, in passing upon the claim for refund, allowed it to the extent that the grounds asserted coincided with the findings of the Board in the case of Levine Bros., Inc., but disallowed it as to those items found by the Board and not presented in the claim for refund. The stand taken by the plaintiff is in effect the proposition that the grounds now relied on in this suit were presented to the Commissioner of Internal Revenue by way of petition of Levine Bros., Inc., in the case of Levine Bros., Inc., v. The Commissioner. Such a view ignores the fact that the Board of Tax Appeals is an independent part of the executive branch of the government. It was created as a body to which taxpayers may resort in case of disagreement with the Commissioner of Internal Revenue. Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985.

It is difficult to see how the petition of Levine Bros., Inc., as a corporate entity, could be construed as the filing of an amendment to a claim for refund previously filed by the affiliated group with the Commissioner of Internal Revenue. The Board of Tax Appeals in the petition of Levine Bros., Inc., v. Commissioner of Internal Revenue had no jurisdiction over the plaintiff. In consequence, neither the petition of Levine Bros., Inc., filed with the Board of Tax Appeals, nor its amended petition, can be regarded as a claim for refund filed by the plaintiff. Nor can the plaintiff's protest of June 26, 1928, to the Commissioner be regarded as an amendment to the original claim for refund. That was filed after the expiration of the period for filing claims for refund. The formal claim for refund was filed by the affiliated companies on December 12, 1922; the five-year period expired September 30, 1925; and consequently no amendment presenting new grounds could effectively be filed thereafter. Art Metal Construction Co. v. United States (C. C. A.) 47 F.(2d) 558.

The plaintiff's petition should be dismissed.

The findings of fact will be the stipulated facts.