ESTATE OF DEVEREUX MILBURN, DECEASED, J. P. MORGAN & CO.,
INCORPORATED, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 7570.   Promulgated May 23, 1946.

*William H. Hayes, Esq.,* and *Leslie D. Dawson, Esq.,* for the petitioner.

*Ellyne E. Strickland, Esq.,* for the respondent.

OPINION.

SMITH, *Judge*: The only question for decision in this case is whether 250 shares of J. P. Morgan & Co., Inc., stock of a value of $40,225 at the optional valuation date can be identified as having come from the $50,000 legacy which Milburn received from the estate of his father-in-law, Charles Steele.

Section 812 of the Internal Revenue Code, as amended by section 407 of the Revenue Act of 1942, provides, so far as material, as follows:

SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*          \*          \*          \*          \*          \*          \*

(c) PROPERTY PREVIOUSLY TAXED.—An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, \* \* \* where such property can be identified as having been received by the decedent \* \* \* from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. \* \* \* This deduction shall be allowed only where \* \* \* an estate tax imposed under this chapter or any prior Act of Congress, was finally determined and paid by \* \* \* the estate of such prior decedent \* \* \* and only in the amount finally determined as the value of such property in determining the \* \* \* gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate, and only if in determining the value of the net estate of the prior decedent no deduction was allowable under this subsection, section 861 (a) (2), or the corresponding provisions of any prior Act of Congress, in respect of the property or property given in exchange therefor.

In his denial of the right of the estate to treat the value of the 250 shares of J. P. Morgan & Co., Inc., stock as being traceable to the legacy of $50,000 received by Milburn from Steele's estate, the respondent relies upon section 81.43 of Regulations 105, which provides that the burden of identifying property as acquired in exchange for property included in the gross estate of the prior decedent for Federal estate tax purposes rests upon the executor and that the deduction for substituted property extends to property acquired by purchase with the proceeds of the sale of property received from the prior decedent, "so long as such proceeds can be conclusively identified as such and clearly traced to the property originally so received."

On brief the respondent submits:

Thus, in the instant proceeding, if the decedent had deposited in a separate bank account the $50,000 legacy involved herein and had made investments therefrom, keeping intact his inherited funds, he might have extended his right

of deduction for previously taxed property to any securities into which these funds could be clearly traced, regardless of the number of transactions involved. But it is what was actually done, and not what might have been done or what the decedent may have expressed an intention to do, which is controlling herein. * * *

He then submits that:

It is the respondent's position that, under the facts presented herein, the petitioner has not met the burden of identifying the shares of stock of J. P. Morgan & Company, Inc., as having been acquired in exchange for property received by bequest, as required by the statute.

He further submits:

* * * The decedent's intention is not apparent from the record, however, and it would seem to be immaterial in view of the fact that when the anticipated legacy was actually received by the decedent, by check dated April 10, 1940, it was not used to purchase any stock but was applied to reduce the loan of $110,000 which the decedent had obtained from his wife under date of March 27, 1940. * * *

In *Rodenbough* v. *United States* (C. C. A., 3d Cir.), 25 Fed. (2d) 13, the court stated:

A statute must be read in the light of its purpose. *Tucker* v. *Alexander*, 275 U. S. 228 * * *. As it is clear that the Congress intended completely to avoid the inequity of double taxation, we shall, in order to effectuate its intention, give the statute a construction as broad as the intention itself. * * *

The facts which obtain in this proceeding are much the same as those which obtained in *Estate of Mary D. Gladding*, 27 B. T. A. 385. There the decedent in 1919 had purchased from her mother stock for $91,125 and, as the decedent had no money to pay for the stock, she gave her mother two notes for the purchase price. The mother died in 1920 and the notes were included as a part of her estate and tax was paid thereon. Under her mother's will one-fifth of her estate was bequeathed to the daughter and the executors used $91,125 of the daughter's interest in the estate in payment of the notes, the net result being the same as if they had paid the daughter for full interest in the estate and had then compelled her to pay the notes. The daughter died within five years still owning the stock which she had purchased from her mother. In holding that the stock had been received in exchange for previously taxed property and was therefore not taxable in the daughter's estate, we said:

* * * This note was satisfied out of funds of the prior decedent coming to Mary D. Gladding as a beneficiary of that estate, and as a result she received the stock relieved from any lien for the purchase price. In effect, she received funds from the prior decedent with which she paid the purchase price of the stock. The situation is not different from a case where a second decedent takes funds from a prior decedent on which the estate tax has been paid and purchases stock. * * *

See also *Elmer E. Rodenbough, Executor*, 1 B. T. A. 477.

In *McIntyre* v. *Whitney*, 139 App. Div. 557; 124 N. Y. S. 234; affd., 201 N. Y. 526; 94 N. E. 1096, it appeared that a customer had sent his

broker $5,000 and had instructed him to purchase stock valued at $45,000. In discussing the nature of the resulting transaction the court said:

* * * When purchased, the shares of stock became the plaintiff's property precisely the same as though he had advanced the whole purchase price. In fact, he did advance the whole purchase price, borrowing for that purpose $40,000 of the defendants. * * *

See also *Walter G. Pietsch, Executor*, 6 B. T. A. 582.

In his brief the respondent claims that the answer to the question proposed by this proceeding should be in his favor because (1) the stock had been paid for before Milburn had received his legacy and, therefore, the legacy was not used to pay for the stock, but to reduce the loan, and (2) as the decedent had enough other assets to repay the loan it was not necessary for him to use the legacy for this purpose.

The respondent has cited no case supporting his argument in this proceeding. We do not think the fact that the legacy was not received until after Milburn had paid for his stock, or that the legacy was used to pay off a loan which Milburn had made for the purpose of purchasing the stock, bars the right of the estate to claim that the 250 shares of J. P. Morgan & Co., Inc., stock here in question are directly traceable to the prior taxed property.

In *McFeely* v. *Commissioner*, 296 U. S. 102, it was held that a legatee of specific property was the owner of the property from the date of the death of the decedent. In the instant proceeding Milburn did not acquire title to his legacy at the date when the money was paid over to him, but at the date of the death of Steele. The proof is clear that the $50,000 legacy received by Milburn was used to pay off one-half of the $100,000 borrowed by him from his wife for the purpose of purchasing 500 shares of the stock. We do not find anything in the Commissioner's regulations opposed to such a conclusion. We have here merely a question as to whether the proof shows that the 250 shares of stock in question were purchased out of funds received from a prior estate. We hold for the petitioner upon this issue.

*Decision will be entered under Rule 50.*