**COLUMBIA AMUSEMENT COMPANY, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1203.**

United States District Court
W. D. Kentucky
at Paducah.

April 30, 1964.

A. E. Boyd, Jr., Ralph Schuette, Paducah, Ky., for plaintiff.

Wm. E. Scent, U. S. Atty., Louisville, Ky., Louis F. Oberdorfer, Asst. Atty. Gen., Lyle M. Turner, David A. Wilson, Jr., Gene A. Castleberry, Attorneys, Department of Justice, Washington D. C., for defendant.

SHELBOURNE, District Judge.

This case was submitted to the Court on a stipulation of facts filed April 30, 1963, and briefs of counsel filed subsequent to that date. On motion of the United States, Oral argument of counsel was heard October 28, 1963.

The facts as stipulated by counsel for the parties are incorporated in this memorandum as if the written stipulation were fully copied herein.

It appears from the stipulation that the plaintiff, Columbia Amusement Company, Inc., filed its corporation income tax return for the calendar year 1955 showing a taxable income of $20,835.01, on which tax in the amount of $6,078.40 was paid. Upon an audit by the Internal Revenue Service, a deficiency of $3,429.09 based upon the disallowance of certain claimed depreciation deductions was assessed. The deficiency assessment was paid August 15, 1958, and accrued interest on same in the amount of $495.26 was paid August 26, 1958. A claim for refund was filed by the taxpayer on September 2, 1958. No decision having been reached by the Commissioner within six months after the filing of the claim, a suit for refund was filed in this Court

on May 15, 1959, being Civil Action No. 1079 on this Court's docket.

In its corporation income tax return filed for the year 1957, the taxpayer claimed a net operating loss in the amount of $39,886.50. An examination of the return by the Internal Revenue Service resulted in the reduction of the net operating loss from $39,886.50 to $33,236.55. The Revenue Agent's report on the examination, dated March 25, 1959, recommended the allowance of a net operating loss carry-back deduction from the calendar year 1957 to 1955. This would have resulted in the elimination of all taxable income and tax liability for 1955 and permitted a refund of the tax paid on the original return in the amount of $6,078.40 and on the deficiency assessment in the amount of $3,429.09. The examination covered the taxpayer's corporation income tax returns for the years 1956, 1957, and 1958, and included consideration of the taxpayer's claims for refunds, dated August 28, 1958, of taxes paid for the years 1953, 1954, and 1955.

Based upon the Revenue Agent's report, the Commissioner issued a "thirty-day letter" on May 5, 1959, showing an overassessment of plaintiff's tax liability for the year 1955 in the amount of $9,507.49.

June 22, 1959, the Commissioner issued a statutory notice in the form of a "ninety-day letter" advising the taxpayer that it had been determined there was no tax liability for the year 1955 and that an overassessment of $9,507.49 was made for that year. The "ninety-day letter" was received by the taxpayer before the fifteenth day of the thirty-ninth month after the close of the calendar year 1957.

June 3, 1961, an agreed order of settlement and dismissal was entered in Civil Action No. 1079, which also involved deficiencies assessed and paid by the taxpayer for the calender years 1953 and 1954.

June 7, 1961, the taxpayer instituted this action for refund of $9,507.49, representing the amount of the overassessment for 1955.

The question here is whether or not the Commissioner's determination that Columbia Amusement Company, Inc., was entitled to a refund of $9,507.49, by reason of the net operating loss carry-back from 1957 to 1955, constituted an allowance of plaintiff's claim for refund within the purview of Section 6511 of the 1954 Internal Revenue Code.

It is plaintiff's contention that the Commissioner's issuance of the statutory notice of overassessment resulting from the net operating loss carry-back from 1957 to 1955 constituted a waiver of any defect in the claim for refund.

The Government contends that the taxpayer failed to file a claim for refund within the statutory period of limitation and that the Commissioner is without authority to waive a statutory requirement.

The Commissioner having given consideration to the taxpayer's claim for refund and to the operating loss carry-back from 1957 to 1955 and having issued a statutory notice of overassessment, the Court concludes that the taxpayer is entitled to the relief sought in this proceeding.

In the case of Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927), the Supreme Court said that the statutory requirements may be waived and dispensed with; that the statute and regulations were devised "not as traps for the unwary, but for the convenience of government officials in passing upon claims for refunds and in preparing for trial. Failure to observe them does not necessarily preclude recovery."

Later, in United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619 (1933), the Supreme Court affirmed a judgment in favor of the taxpayer. As in the case at bar, it was held that the Commissioner had ascertained the facts, passed upon the justness of the taxpayer's claim and ruled that adjustments would be made accordingly. The ultimate dismissal of the claim by the Commissioner for defects of form only was not permitted to stand.

In Angelus Milling Co. v. Comm'r, 325 U.S. 293, 297, 65 S.Ct. 1162, 1164, 89 L. Ed. 1619 (1944), the Supreme Court said:

"But Congress has given the Treasury this rule-making power for self-protection and not for self-imprisonment. If the Commissioner chooses not to stand on his own formal or detailed requirements, it would be making an empty abstraction, and not a practical safeguard, of a regulation to allow the Commissioner to invoke technical objections after he has investigated the merits of a claim and taken action upon it. Even tax administration does not as a matter of principle preclude considerations of fairness."

As required in the Angelus Milling Company case, the Commissioner's attention in the case at bar was focused on the merits of the taxpayer's claim.

The subsequent case of Dale Distributing Company v. C. I. R., 2 Cir., 269 F.2d 444 (1959), reversed the decision of the Tax Court denying the taxpayer relief on the grounds that a timely claim to a carry-back deduction was not filed and that the Commissioner had not waived his regulatory requirements. It was conceded that the taxpayer did not timely file the claim which was subsequently allowed. The court said:

"It is clear from the decisions of the Supreme Court that formal requirements of Treasury Regulations as to claims for refund of taxes may be waived by the Commissioner through his agents by investigating the merits of the claim.

\* \* \* \* \* \*

"It is not disputed that the taxpayer had overpaid its excess profits tax liability by that amount, and that the Revenue Agent in Charge had informed the taxpayer that such overpayment would be refunded. In our opinion the undisputed facts are a perfect demonstration of waiver."

The reasoning of the court in the above quoted opinion fits the case here.

An appropriate judgment in conformity with the findings of fact and conclusions of law set forth in this memorandum will be tendered by counsel for the plaintiff, Columbia Amusement Company, Inc., upon notice to counsel for the United States.