**Mrs. William Betty HELIS, Plaintiff-Appellee,**

v.

**Chester A. USRY, District Director of Internal Revenue, New Orleans District, Defendant-Appellant.**

**William G. HELIS, Jr., and Venus D. Helis, Plaintiffs-Appellees,**

v.

**Chester A USRY, District Director of Internal Revenue, New Orleans District, Defendant-Appellant.**

**No. 73–3270.**

United States Court of Appeals, Fifth Circuit.

July 15, 1974.

Scott P. Crampton, Asst. Atty. Gen., Jack D. Warren, Meyer Rothwacks, Attys. Tax. Div., Dept. of Justice, Washington, D. C., Michaelle F. Pitard, Asst. U. S. Atty., Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Jane M. Edmisten, Paul M. Ginsburg, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Gibbons Burke, James G. Burke, Jr., David A. Kerstein, Morris Wright, Harry McCall, Jr., New Orleans, La., for plaintiffs-appellees.

Before DYER and MORGAN, Circuit Judges, and KRAFT, Sr., District Judge.

## PER CURIAM:

On a previous appeal by the government[1] from adverse judgments in two tax refund suits,[2] we affirmed the District Court on all issues except the issue of whether the partnership of Mrs. William (Betty) Helis, Sr., and her son, William G. Helis, Jr., known as Helis European Operations, had met their burden of demonstrating that certain claimed expenses were deductible.

On remand we directed that for the expenses to be deductible taxpayers would have to meet their burden of proof by showing that all expenses of

---

1. The facts of this case are set out in more detail in the previous opinion of this court in Helis v. Usry (1972) 464 F.2d 330, and need not be repeated on this appeal.

2. The two refund suits were consolidated for the first trial.

the Athens office of European Operations were (1) necessary and ordinary business expenses of European Operations, and (2) expenses not involved in the acquisition of a capital asset. At the trial of the District Court on remand taxpayers presented testimony of James A. Rorison, Jr., who, in a managerial capacity for taxpayers, was familiar with certain expenditures of the European Operations business. In addition to Rorison's testimony, the deposition of William Helis, Jr., and other documentary evidence prepared by the staff of Helis European Operations was also presented in evidence, as were certain stipulated financial reports of the partnership's operations for the Years 1957, 1961, 1962, 1963, and 1964, which reports had been prepared by the auditors of European Operations.

■ The trial court had before it pertinent portions of the original record and the additional evidence produced above described. A perusal of the record indicates to us that the findings of the District Court which held (1) that all of taxpayers' expenditures in connection with the operation of the Athens office were ordinary and necessary business expenses of European Operations and (2) that these expenditures were non-capital in nature are not clearly erroneous and should be sustained under Rule 52 of the Federal Rules of Civil Procedure.

■■ Neither do we find merit in the government's assertion that the District Court erred in allowing the taxpayers to deduct certain interest and payroll tax expenses under Sections 163 and 164 of the Internal Revenue Code since, as the government contends, these grounds for deductions were never urged by taxpayers either in their claims for refund or in their complaints in the instant litigation. We think in the case at hand the taxpayers' claims were sufficient to "put the Commissioner on notice". In response to the disallowance by the Commissioner, the taxpayers stated in their claims and complaints that the Commissioner improperly disallowed *all expenses* of European Operations. The Commissioner, who had disallowed all such expenses, had before him the partnership returns of taxpayers in which the items of interest and taxes were clearly set forth as deductible expenses. The rule is that the claim must be sufficient to advise the Commissioner of Internal Revenue as to the items to which taxpayer claims error and the grounds upon which the taxpayer makes this claim. We feel that the taxpayers met the required standard of specificity in their claims and complaints. See Keneipp v. United States, 1950, 87 U.S. App.D.C. 242, 184 F.2d 263.

■ However, even if taxpayers failed to satisfy the procedural requirements of Section 7422(a) of the Internal Revenue Code, the government waived its right to object to the sufficiency of the taxpayers' claims and complaints because of its failure to timely raise the objections. The government, after numerous conferences, two trials on the merits in the District Court, and a prior appeal to this court, has for the first time in this second appeal raised this procedural issue.[3]

We hold that the government in the case at hand waived its right to object to the sufficiency of the claim for refund when it did not raise the issue during the entire course of the litigation until this appeal. See Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1933).

Judgment affirmed.

---

3. The government actually stipulated during the trial on remand that the taxes and interest had been paid by European Operations.