**INLAND MOTOR FREIGHT, a Washington corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 1622.

United States District Court
E. D. Washington, N. D.

Aug. 4, 1959.

Brown & Thayer, Spokane, Wash., for plaintiff.

Dale M. Green, U. S. Atty., Spokane, Wash., and Milton Carr Ferguson, Tax Agent, Dept. of Justice, Washington, D. C., for defendant.

LINDBERG, Chief Judge.

The above-entitled matter has been submitted to the court upon the statement of facts incorporated in the pretrial order which was entered October 17, 1958. The court has before it in addition plaintiff's brief dated November 12, 1958, defendant's responsive brief filed December 15, 1958, and plaintiff's letter-reply brief filed March 10, 1959.

The facts involved may be summarized as follows:

The taxpayer is a Washington corporation with its principal office at Spokane, Washington. During 1950 through 1952 one of its employees embezzled a total of $37,439.14 by drawing false payroll checks and converting them to his own use. Taxpayer was unaware of this theft and accordingly its federal income tax returns for those years reflected these deductions for payroll and payroll tax expenses, with a consequent reduction of its income taxes for each of the three years. Upon discovery of the theft in 1953 taxpayer effected a partial recovery from the employee and its bonding company in the amount of $32,992.17. Thereupon, taxpayer prepared and filed amended returns in which it sought to reallocate the recovery over the years 1950 through 1952 on an apportioned basis and thereby reflect a decrease in the prior years' deductions for payroll and payroll taxes, with a resultant increase in its net income and income tax liability for each of those years. This taxpayer-proposed additional income tax liability totaled $9,885.47, which amount was paid by the taxpayer. But upon a subsequent audit by the Internal Revenue Service taxpayer's exclusion of the amount recovered from its 1953 gross income was disallowed, and a proposed deficiency was asserted on the basis of including the entire amount in income for 1953. Taxpayer filed a formal protest on September 30, 1955. After an Appellate Division hear-

ing thereon the protest was rejected. Subsequently, the deficiency was assessed and ultimately paid by the taxpayer on March 12, 1954 and August 29, 1956. In computing the net deficiency the Commissioner made allowance for the amounts paid by the taxpayer with its earlier amended returns for 1950 through 1952. With its final payment on August 29, 1956 taxpayer filed a Form 843 Claim for Refund. The claim was disallowed by the Commissioner on February 26, 1957.

The claim for refund filed by the taxpayer alleged as grounds for the refund the following:

> "See letter addressed to James E. Westin dated 6/6/56 Symbols Ap:S:A:LEH copy of which is attached and copy of Form 870 attached."

There is no other factual narration or incorporation by reference.

The attached letter consists of four short paragraphs, by which the taxpayer's attorney in fact (1) transmitted duplicate Forms 870 in the amount of $17,155.93; (2) stated the corporation's present intention to pay that amount plus interest, upon demand; (3) stated that as soon as other necessary steps were taken with regards to a Claim and the rejection thereof the corporation would proceed to commence action to recover through the appropriate United States District Court; and (4) thanked the addressee for his many courtesies.

The Form 870 set forth merely the fact that the deficiency was in income tax for the year 1953 and the amount thereof.

Section 7422 of the Internal Revenue Code of 1954, (26 U.S.C. § 7422) provides that no suit or proceeding shall be maintained for the recovery of any tax alleged to be erroneously or illegally assessed or collected until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

Section 301.6402–2 of Treasury Regulations on Abatements, Credits, and Refunds (1954 Code), formulated in pursuance of the above section of the Internal Revenue Code, relates to the form, content and method of filing claims for refunds. Subsection (b) (1) states in part:

> "The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. * * * A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit."

■ These requirements, embodied in the Code and the Regulations, exist to advise the appropriate officials of the demands or claims asserted so as to insure an orderly administration of the revenue. United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025. There is no contention made in the case at bar that the requirement for a claim has been waived by the Commissioner, as he indeed may; Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253. Both the Felt & Tarrant case, supra, and Angelus Milling Co. v. Commissioner, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619, indicate that the courts consistently uphold the government's right to insist upon the requirement. The claim filed in the instant case, together with the references incorporated therein, fail to set forth in detail the grounds upon which it is based or facts sufficient to apprise of the exact basis thereof. Indeed, there is a complete absence of grounds or facts.

The claim filed in this matter was made upon Form 843, which form contains instructions for the completion thereof, the first of which is:

> "1. The claim must set forth in detail each ground upon which it is made and facts sufficient to apprise the Commissioner of the exact basis thereof."

■■ It is still the law that the sovereign is immune from suit. United

States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767, 85 L.Ed. 1058. The sovereign may consent to be sued but in so consenting it may attach even purely formal conditions to its consent and those conditions must be complied with; Rock Island, A. & L. R. R. v. United States, 254 U.S. 141, at page 143, 41 S.Ct. 55, 56, 65 L.Ed. 188, where the court stated:

"At all events the words are there in the statute and the regulations, and the Court is of opinion that they mark the conditions of the claimant's right."

Since the statute and the regulations here involved were not complied with in the claim filed it must follow that this suit cannot be maintained, and

It is ordered that the action herein be and the same is hereby dismissed.