John VISHNEVSKY and Margaret Ann Vishnevsky, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 74–C–547.

United States District Court,
E. D. Wisconsin.

Aug. 26, 1976.

Sherwin C. Peltin, Peregrine, Marcuvitz, Cameron, Peltin, Hersh & Lensky, S.C., Milwaukee, Wis., for plaintiff.

John A. Nelson, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This action, begun on November 19, 1974, seeks to compel the District Director of the Internal Revenue Service to refund, or apply against an outstanding tax liability, an overassessment and payment of taxes for the 1965 tax year. Jurisdiction over this matter is alleged in the complaint by reason of 28 U.S.C. § 1361. The matter is presently before this Court on a motion to dismiss made by the defendant pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. The defendant alleges that this Court lacks jurisdiction to decide this controversy.

The factual background for this action is as follows. On July 10, 1972, the Internal

Revenue Service issued a statutory notice of deficiencies to the plaintiff for years 1966, 1967, 1969 and 1970. The letter also contained a notice of an overassessment for the year 1965. The letter in pertinent part provided:

> When final determination is made as to the deficiencies proposed in this letter, the overassessment will be scheduled for adjustment to the extent allowable and applied as set forth in section 6402 of the Internal Revenue Code.

A petition to the Tax Court was filed in October of 1972 contesting the deficiencies noted in the letter. Thereafter several consultations were held between the taxpayer and an appellate advisor. When no settlement was reached, the matter was calendared in the Tax Court for trial in February 1973 but, by mutual agreement and leave of the Tax Court, the trial was put off until February 11, 1974. The decision by the Tax Court was rendered on September 23, 1974 and the liabilities of the taxpayer were determined.

The Internal Revenue Service now refuses to make payment or to allow the overassessment as an offset against the deficiencies as redetermined by the Tax Court.

The plaintiff has brought this action under 28 U.S.C. § 1361. That provision grants jurisdiction to the District Courts of the United States over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (1970).

■ A mandamus action can be maintained only under clear and compelling circumstances, when a ministerial duty is affirmatively required and plainly set forth.

*Cartier v. Secretary of State,* 506 F.2d 191 (D.C.Cir.1974); *Richardson v. United States,* 465 F.2d 844 (3d Cir. 1972), *rev'd on other grounds,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974); *Highland Park v. Train,* 374 F.Supp. 758 (N.D.Ill.1974), *aff'd,* 519 F.2d 681 (7th Cir. 1975). The complexity of this matter and the uncertainty of the law in this regard renders the maintenance of this action as a mandamus petition uncertain. The Court need not decide that question, however, since jurisdictional grounds may be found elsewhere.

Rule 8(f) of the Federal Rules of Civil Procedure require that pleadings be construed to do substantial justice. This action is essentially a claim by the plaintiff for a refund or credit of taxes paid to the United States Government.[1] Jurisdiction for such a claim is founded on 28 U.S.C. § 1346(a)(1).

■ Before a suit may be brought for the recovery of any internal revenue tax collected, however, section 7422(a) of title 26 U.S.C., requires that a claim for refund be "filed with the Secretary or his delegate."[2]

■ The plaintiff has admitted that no such claim has been filed within the time limits allowed by the statute and regulations. The plaintiff contends, however, that the defendant has waived this requirement or is estopped from asserting the requirement. The Court is in agreement with those contentions.

In *Tucker v. Alexander,* 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927), the Supreme Court stated that literal compliance with the requirement of a claim for refund could be demanded by the defendant, but also found that such compliance could be

---

1. This action will be treated as one against the United States, although the complaint is against Mr. Phillip Coates, a district director of Internal Revenue. *See* 26 U.S.C. § 7422(f) (1970).

2. The defendant contends that 26 U.S.C. § 7422(a) is jurisdictional and thus has filed a motion to dismiss under Rule 12(b)(1). Section 7422 does not confer jurisdiction on this Court over refund cases. It imposes a condition precedent which must be met by the plaintiff

prior to instituting that action. *Tucker v. Alexander,* 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927) clearly states that the requirements of filing a claim for refund may be waived. If the statute were indeed jurisdictional, its requirements could not be waived for subject matter jurisdiction may never be waived. The appropriate motion then is one under Rule 12(b)(6), for failure to state a claim, and the defendant's motion will be so construed.

waived. The Court directed that "[t]he statute and the regulations must be read in the light of their purpose. They are devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial." Id. at 231, 48 S.Ct. at 46.

The later case of *United States v. Felt & Tarrant Manufacturing Co.,* 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931), contained a further statement of the purpose of requiring a claim for refund. "One object of such requirements is to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue." *Id.* at 272, 51 S.Ct. at 377.

A waiver of the formal requirements of the claim for refund was found in *Tucker v. Alexander, supra,* and in *Smale & Robinson, Inc. v. United States,* 123 F.Supp. 457, 462 (S.D.Cal.1954). Recent Circuit Court cases, while not finding a waiver on the facts presented, have stated that waivers are possible. *See Bear Valley Mutual Water Co. v. Riddell,* 493 F.2d 948 (9th Cir. 1974); *Herrington v. United States,* 416 F.2d 1029 (10th Cir. 1969).

The cases discussed above and cited in this opinion have dealt with a waiver of a different character than that presented to this Court. The regulations require that the claim for refund state the grounds upon which the taxpayer relies to establish the refund. Tres.Reg. § 301.6402–2(b). The waivers, heretofore recognized, have dealt with the nature of the grounds stated in the claim. In *Tucker* and in *Smale & Robinson* the plaintiff was allowed to litigate grounds for the refunds not contained in the claim. The Courts in both instances found that the Service had actually considered the new grounds and were fully apprised as to them.

While none of the cases cited above found a complete waiver of the requirement to file any claim, the theory of those cases dictates that such a waiver is possible. If the Service can waive the requirement that the taxpayer state the grounds on which he relies to establish the refund, it would follow that it can waive the formal filing of a piece of paper demanding the refund.

A waiver should be found only in exceptional circumstances, however, and only where there is "an intentional relinquishment . . . of a known right." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Smale & Robinson, Inc. v. United States,* 123 F.Supp. 457, 462 (S.D.Cal.1954). The guidance given in *Tucker* must be kept in mind. The purpose of the statute and regulations must be considered. "They are devised, not as traps for the unwary, but for the convenience of government officials . . .." 275 U.S. at 231, 48 S.Ct. at 46.

The letter which the plaintiff received in this case stated that the overassessment "will be scheduled for adjustment to the extent allowable and applied as set forth in section 6402 of the Internal Revenue Code." Section 6402 states that the Secretary can credit the overpayment of any tax against any tax liability "within the applicable period of limitations." No claim for refund need be filed.[3] The letter indicates that that is exactly what the Service intended to do.

The purpose of the statute and regulation in question is to allow the Service an opportunity to evaluate the refund claim and prepare to contest that claim. In this instance the Service indicated to the taxpayer that an overassessment had been made and that the Service was not going to contest the credit but was in fact going to apply

---

**3.** The defendant has argued that the regulations require a claim for refund. Tres.Reg. 301.6402–2 states: "Credits or refunds of overpayments may not be allowed or made after the expiration of the statutory period of limitation properly applicable unless, before the expiration of such period, a claim therefor has been filed by the taxpayer." It says nothing about credits or refunds made within the statutory

period. Section 6511 of Title 26 recognizes that credits and refunds may be made without a claim in subsection (b)(2)(c) entitled "Limit if no claim filed." Whether or not the Commissioner could voluntarily make the credit at this point is not before the Court. The question is whether the taxpayer under these facts may bring an action for a refund in this Court.

that credit against other liabilities. The taxpayer asserts in an affidavit submitted in opposition to the motion by defendant that this position was adhered to throughout the negotiation over the disputed assessments. It was not until the disputed assessments were finally determined by the Tax Court and after the "applicable period of limitations" had lapsed that the Service changed its position and no longer would apply the credit referred to in the letter of July 10, 1972.

It appears to this Court that the facts alleged by the plaintiff show that the Service has utilized the statutes and regulations concerning overassessments as a "trap for the unwary." The Service led the plaintiff to believe that the Service did not intend to contest the overassessment and that it would voluntarily apply the overassessment against the taxpayer's liabilities. That belief was encouraged until it was too late for the plaintiff to file a claim for refund. After accomplishing this, the Service now wishes to invoke a statute enacted for its own convenience to deny the plaintiff an opportunity to demand that refund. This it may not do.

The Court therefore finds that it has jurisdiction over this matter by virtue of 28 U.S.C. § 1346(a)(1); that the complaint states a cause of action against the defendant; that the requirements of 26 U.S.C. § 7422(a) may be waived by the defendant; and that the plaintiff has presented sufficient facts to this Court, which if established at trial, would constitute a waiver by the defendant of the requirements of 26 U.S.C. § 7422(a).

For the reasons set forth above the defendant's motion to dismiss must be and hereby is DENIED.