John **VISHNEVSKY** and Margaret **Vishnevsky, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 74–C–547.

United States District Court, E. D. Wisconsin.

April 21, 1977.

Sherwin C. Peltin, Peregrine, Marcuvitz, Cameron, Peltin, Hersh & Lensky, S. C., Milwaukee, Wis., for plaintiffs.

Gerald A. Kafka, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., William J. Mulligan, U. S. Atty., Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This cause is presently before the Court on cross-motions for summary judgment. Fed.R.Civ.P. 56. The parties have conceded that there are no genuine issues as to any material fact and that judgment may be entered as a matter of law.[1]

The facts may be briefly summarized as follows. In a letter dated July 10, 1972, the Internal Revenue Service issued a notice of deficiency to the plaintiffs for the years 1966, 1967, 1969, and 1970. The letter also contained notice of an overassessment for the year 1965.

The deficiencies were contested by the plaintiffs. A petition to the Tax Court was filed in October of 1972. The parties were unable to reach a settlement and the matter was scheduled for trial in February, 1973, but, by mutual agreement and leave of the Tax Court, the trial was delayed until February 11, 1974. The decision by the Tax Court was rendered on September 23, 1974, and the liabilities of the plaintiffs were determined.

The subject of the overassessment for the year 1965 was not raised during the pendency of the Tax Court proceedings. Although settlement negotiations occurred in connection with the deficiency assessments, any adjustment for the overassessment was not included in these negotiations.

After the decision of the Tax Court, the plaintiffs sought to have the overassessment applied against the deficiency liabilities for the years 1966, 1967, 1969, and 1970. By this time, however, the statutory period of limitation for filing any claim for refund had expired.[2] The Internal Revenue Service thereupon adopted the position that it had no authority under the statute or the applicable regulations to allow a credit or refund for the overassessment. *See*, 26 U.S.C. § 6402; Treas.Reg. § 301.6402–1 *et seq.*

Shortly thereafter, the plaintiffs commenced this action to compel the District Director of the Internal Revenue Service to refund, or apply against the outstanding tax liability the overassessment for the year 1965.[3] On January 31, 1975, the defendant filed a motion to dismiss upon the ground that the plaintiff failed to timely file a claim for a refund. In a decision dated August 26, 1976, the Court determined that

1. In a memorandum and order dated December 21, 1976, the Court denied plaintiffs' initial motion for summary judgment upon the ground that an issue of material fact appeared in the record. That issue involved the content of the negotiations between the plaintiffs and the defendant prior to the trial before the Tax Court.

At a hearing on January 19, 1977, the parties conceded that *no* representations were made with regard to the overassessment during these negotiations and that there were no issues of material fact before the Court.

2. It is undisputed that the statutory period for filing any claim for refund expired on June 30, 1973. See, 26 U.S.C. §§ 6511, 7422(a).

3. The complaint was construed as a claim for a refund against the United States under 26 U.S.C. § 7422(a) and jurisdiction was found under 28 U.S.C. § 1346(a)(1). *Vishnevsky v. United States,* 418 F.Supp. 698 (E.D.Wis.1976).

in "exceptional circumstances" the requirements of 26 U.S.C. § 7422(a) may be waived by the defendant and denied the motion to dismiss. *Vishnevsky v. United States,* 418 F.Supp. 698, 700 (E.D.Wis.1976).

The only issue presented in the cross-motions for summary judgment is whether the defendant waived the requirements of 26 U.S.C. § 7422(a). The only basis for a waiver is the letter to the plaintiffs dated July 10, 1972. The letter reads in pertinent part as follows:

> When final determination is made as to the deficiencies proposed in this letter, the overassessment will be scheduled for adjustment *to the extent allowable* and *applied* as set forth in section 6402 of the Internal Revenue Code. (Emphasis added).

The letter is silent as to the need for a claim for refund under 26 U.S.C. § 7422(a). It does, however, clearly state that an adjustment will be made "to the extent allowable and applied as set forth in section 6402." Section 6402 authorizes the Secretary to make credits or refunds "within the applicable period of limitations".[4] There is no express requirement that a claim for refund be filed during this period. Without regard to the need for a claim for refund, Section 6402 limits the authority of the Secretary to the applicable period of limitations.

At the time the letter was sent, the statutory period had not expired and the Secretary was in a position to notify the plaintiffs that he had the authority to credit or refund any overassessment for the year 1965. As such, the letter contains no misrepresentations. In fact, it alerts the reader that the authority of the Secretary is limited by Section 6402. In this regard, Treas.Reg. § 301.6402–2 states:

> Credits or refunds of overpayments may not be allowed or made after the

expiration of the statutory period of limitation properly applicable unless, before the expiration of such period, a claim therefore has been filed by the taxpayer.

To protect their claim, the plaintiffs were required to file a refund prior to June 30, 1973.

If the plaintiffs were lulled into the belief that no claim for refund was required, this occurred as a result of their own lack of familiarity with section 6402 and applicable treasury regulations and not through any fault of the Secretary. Absent any representations by the Secretary to the contrary, the Court is persuaded that the plaintiffs have failed to establish that the defendant waived the filing requirements of 26 U.S.C. § 7422(a). This conclusion is not at odds with the prior memorandum opinion of the Court.

In denying the motion to dismiss, the Court relied upon plaintiffs' contentions that the defendant continually represented that an adjustment would be made after the determination of any deficiency. The combination of the letter and these representations was viewed as lulling the plaintiffs into the belief that no claim for a refund would be required. Relying upon *Tucker v. Alexander,* 275 U.S. 228, 231, 48 S.Ct. 45, 46, 72 L.Ed. 253 (1927), the Court noted that "[T]he statute and the regulations must be read in the light of their purpose. They are devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial."

In its present posture, the case rests solely on the letter which, as noted above, alerts the plaintiffs as to the authority of the Secretary to grant a refund for the overassessment in question. The law requires the taxpayer to file a claim in order to protect his claim. Absent a waiver by the defendant, plaintiffs' claim is barred by

---

4.  Section 6402(a) reads as follows:

    § 6402. Authority to make credits or refunds
    *(a) General rule.*—In the case of any overpayment, the Secretary or his delegate, within the applicable period of limitations, may credit the amount of such overpayment, in-

cluding any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall refund any balance to such person.

the applicable period of limitations. As the facts are insufficient to support a finding of waiver as a matter of law, the motion of the defendant for summary judgment must be granted.

Now, therefore, it is ORDERED that the motion for summary judgment filed in behalf of the plaintiffs be and is hereby DENIED.

FURTHER ORDERED that the motion for summary judgment filed in behalf of the defendant be and is hereby GRANTED.

SO ORDERED this 21st day of April, 1977, at Milwaukee, Wisconsin.