**MENNEN CO. v. KELLY, Former Collector of Internal Revenue.**

No. 8082.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 21, 1942.

Decided Nov. 24, 1942.

On Rehearing April 20, 1943.

James L. R. Lafferty, of Newark, N. J. (Lindabury, Steelman, Zink & Lafferty and Wm. Rowe, all of Newark, N. J., on the brief), for appellant.

George H. Zeutzius, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Charles M. Phillips, U. S. Atty., of Trenton, N. J., on the brief), for appellee.

Before MARIS, JONES and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

The Mennen Company, a New Jersey corporation, sued the defendant, a former Collector of Internal Revenue, to recover

for taxes paid for the period June, 1932, through April, 1937, on two products manufactured by Mennen. The plaintiff has, by appropriate action, taken the steps to preserve its rights if they were incorrectly collected. The products involved are Mennen Antiseptic Oil and Kora Konia, a powder. The statute under which the authority to impose the tax was challenged is § 603 of the Revenue Act of 1932. The cause was tried before a judge of the District Court, without a jury, who, after making findings of fact and conclusions of law, entered judgment for the defendant. In the appeal in this court the plaintiff-appellant has abandoned the claim for a refund for the tax paid upon Kora Konia so that the only question before us is the propriety of collection of the tax upon the sales of Mennen Antiseptic Oil.

The section of the statute involved is set out in the footnote.[1] The contention of the plaintiff is that Mennen Antiseptic Oil does not fall within the statute since it is a medicinal preparation. The bulk of the testimony at the trial had to do with the manner of its introduction to hospital authorities, and the success (or lack of it) in curing or preventing certain skin affections in new born babies. The testimony was, however, weighed by the trial judge and resolved by a series of findings of fact. No one of these findings is specifically attacked by the appellant as unsupported by the evidence, although the legal conclusion is challenged. We shall not, therefore, review the testimony.

The Commissioner in assessing the tax seemed to indicate that Mennen Antiseptic Oil is to be classed as a cosmetic and defined cosmetic as "a preparation intended to beautify or improve the complexion, skin or hair." The definition evidently came from the opinion of the court in Duradene Co. v. Magruder, D.C.Md. 1937, 21 F.Supp. 426, 429, affirmed 4 Cir.,

1938, 95 F.2d 999, which, in turn, took it from Webster's New International Dictionary.[2] Like many definitions given at large this one may prove both too wide and too narrow when applied in specific situations, although it was satisfactory enough in the case cited. It may be too inclusive because it would take in a medicinal preparation to be used on the skin of a patient suffering from a disease which occasioned an outbreak of blotches, sores or other blemishes. Certainly the medication used for such purpose could not fairly be called a cosmetic. It may be too narrow because it might not include nail polish since nails and skin are distinguished in common parlance whatever may be their scientific similarity. We think the lower court was right in saying that from the standpoint of the layman a cosmetic is considered as an article of decorative value and that cosmetics create "fictitious [artificial?] appearances". As the learned judge points out an oil creates, per se, nothing of that sort and that whatever beauty values it might have are produced indirectly by some physiological response to the application. In this Court we think the contention that the preparation in question was a cosmetic is not pressed in the argument for the Collector, for counsel cites authority that if the Commissioner is right in his determination it is immaterial that he may have assigned the wrong reason therefor. Helvering v. Gowran, 1937, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224.

Taking it as decided, then, that the plaintiff's product does not fall within the term "cosmetic" as used in the statute, it is to be noted that the problem does not end there because the statute specifically includes "toilet soaps * * *, toilet powders, and any similar substance, * * * used or applied * * * for toilet purposes." The Regulations[3] repeat the

---

[1] § 603, Revenue Act of 1932, 26 U.S. C.A. Int.Rev.Acts, page 608. "There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Perfumes, essences, extracts, toilet waters, cosmetics, petroleum jellies, hair oils, pomades, hair dressings, hair restoratives, hair dyes, tooth and mouth washes (except that the rate shall be 5 per centum), dentifrices (except that the rate shall be 5 per centum), tooth pastes (except that the rate shall be 5 per centum),

aromatic cachous, toilet soaps (except that the rate shall be 5 per centum), toilet powders, and any similar substance, article, or preparation, by whatsoever name known or distinguished; any of the above which are used or applied or intended to be used or applied for toilet purposes."

[2] Note, however, that in Webster's New International Dictionary (2d Ed. 1941) the conjunctive "and" is used instead of the disjunctive "or".

[3] Treas. Reg. 46, Art. 22.

868

words concerning use for toilet purposes and add "or used in connection with the bath or care of the body,". Since Webster's New International Dictionary (2d Ed. 1941) defines the current use of "toilet" as "a cleansing and grooming of one's person" the Regulations do nothing more, in this respect, than to paraphrase the language describing the current meaning of the word. The immediate question is whether Mennen Antiseptic Oil falls within the general words of the statute. Relevant to this point the trial court in its findings of fact Nos. 4 to 7, inclusive, stated as follows:

"4. The court finds as a fact that Mennen Antiseptic Oil is similar to a soap because it is a perfumed cleanser used to loosen and remove dirt from the body.

"5. The court finds as a fact that Mennen Antiseptic Oil is similar to a cream because it serves as a skin lubricant.

"6. The court finds as a fact that Mennen Antiseptic Oil is recommended and used as a cleanser and skin lubricant, and is intended for such purposes.

"7. The court finds as a fact that the medicinal value of Mennen Antiseptic Oil is incidental to its primary value as a cleanser and skin lubricant."

The significance of finding No. 5 puzzles us somewhat. Creams are not specifically mentioned in the statute, and must be included, if at all, as "cosmetics" or under the "similar substance" phrase. As already pointed out neither the lower court nor we think that Mennen Antiseptic Oil is to be classed as a cosmetic. We do not wish, in this opinion, to be understood as expressing any view on the taxability under this statute of preparations in the class of "creams" manufactured for application to the skin. But findings 4, 6 and 7 together we think conclusively indicate the taxability of the plaintiff's product under § 603. The case is quite distinguishable from that pressed upon us by the plaintiff where the court dealt with Calvert's medical soap. Park v. United States, C.C.S.D.N.Y.1895, 66 F. 731. There, it seems to us, it was clear that the primary value was medical and here the court, in finding No. 7, has found, as a fact, that the medical value is incidental to the primary value as a cleanser. Sharp & Dohme, Inc. v. Ladner, 3 Cir., 1936, 82 F.2d 733, is likewise not applicable.

One more point remains, however, and that concerns the rate of the tax.

Plaintiff made no point of this in its brief, although it was mentioned at oral argument. The statute imposes a tax of 10% of the price for which articles are sold. But in the case of mouth washes, dentifrices, tooth pastes, and toilet soaps the specified rate is 5%. The plaintiff in this case paid, upon demand, a 10% tax. But we conclude that its product is subject to taxation because it is similar to toilet soap as a "perfumed cleanser used to loosen and remove dirt from the body". It seems to us that the tax to be borne by the manufacturer of this product should be no more than that imposed upon the product, particularly mentioned, to which it is found to be similar. If Mennen Antiseptic Oil were taxable as a cosmetic the rate should be 10%, but taxed because it is similar to a toilet soap the rate should be the 5% tax imposed upon the manufacturer of that article. The plaintiff is, therefore, entitled to collect one-half the amount paid upon Mennen Antiseptic Oil for the taxable years in question with such interest as the law gives it.

The judgment is, therefore, reversed and remanded for modification in accordance with this opinion.

### On Rehearing.

Upon rehearing counsel for the Collector has urged that the Court was in error in allowing a partial refund upon a ground not included within the taxpayer's claim for refund nor now includible by amendment, citing Real Estate Land Title & Trust Co. v. United States, 1940, 309 U.S. 13, 60 S.Ct. 371, 84 L.Ed. 542. We think the governing decision is Tucker v. Alexander, 1927, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253, cited in the Real Estate Co. decision as an instance of waiver by the government following which a taxpayer's claim may be rested upon another ground from that originally asserted. In this litigation the question whether Mennen's Antiseptic Oil was taxable as a toilet soap was directly brought into the case by counsel for the Collector in his statement to the Court at the trial. Said he: "I did not mean at the pre-trial hearing to confine our position solely to the fact that this is a cosmetic. We claim that it is but it may also come within the terms of perfumes or toilet soaps, within the meaning of the statute."

This issue, thus introduced by government counsel, proved to be the one on which the case has turned and is per-

missibly before us on the authority of Tucker v. Alexander, supra. That a preparation taxable because "similar to" another should bear the same rate as the one to which it is similar, we have no doubt.

The former decision is affirmed.