**MOK PARTNERS, Frank Malatsik, Paul Obholtz and Kenneth Kowalski, Partners, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 86 C 10152.**

United States District Court, N.D. Illinois, E.D.

Oct. 29, 1987.

---

Theodore A. Sinars and Dennis E. Frisby, Harris, Burman, Sinars & Jiganti, Chicago, Ill., for plaintiffs.

Elizabeth M. Landes, Asst. U.S. Atty., Chicago, Ill., and Noreene C. Stehlik, Office of Special Litigation, Tax Dept., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs MOK Partners, Frank Malartsik, Paul Obholtz, and Kenneth Kowalski brought this action against the United States to challenge a $24,400.00 penalty assessed by the Internal Revenue Service. Plaintiffs moved for partial summary judgment. The United States moved for summary judgment. For the following reasons, we grant the United States' motion and deny plaintiffs' motion.

### I

The following facts are undisputed.[1] In 1983, MOK Partners convinced five individuals, a two-person partnership, and an investment partnership (Greenwood Investment Group) to purchase energy control systems from O.E.C. Leasing Corporation, and received commissions totaling $24,400.00. In promoting the purchase, MOK presented to the investors brochures prepared by O.E.C. that described and valued O.E.C.'s product. MOK Partners was not aware that the brochures overvalued the energy control systems. Pursuant to 26 U.S.C. § 6700(a),[2] the Internal Revenue Service penalized MOK Partners $24,400.00

---

1. The United States did not dispute the facts submitted in Plaintiffs' Rule 12(e) Statement of Uncontested Facts. Accordingly, those facts are admitted as uncontroverted. Local Rule 12(f).

2. 26 U.S.C. § 6700(a):

    (a) Imposition of penalty.—Any person who—

    (1) (A) organizes (or assists in the organization of)—

    (i) a partnership or other entity,

    (ii) any investment plan or arrangement, or

    (iii) any other plan or arrangement, or

    (B) participates in the sale of any interest in any entity or plan or arrangement referred to in subparagraph (A), and

    (2) makes or funishes (in connection with such organization or sale)—

    (A) a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter, or

    (B) a gross valuation overstatement as to any material matter,

shall pay a penalty equal to the greater of $1,000 or 20 percent of the gross income derived or to be derived by such person from such activity.

for furnishing those brochures. The IRS computed this penalty by considering the transactions as forty separate sales: one sale to each of the five individuals; one to each of the partners in the two-person partnership; one to each of the thirty individual partners in Greenwood; and one to each of MOK's individual partners.

Plaintiffs paid fifteen percent of the penalty, or $3,660.00, and on June 16, 1986, filed a claim for a refund of that amount. In the refund claim, plaintiffs challenged their liability under § 6700(a). Plaintiffs did not challenge the amount of the penalty or the IRS' method of computation. Receiving no notice or ruling from the IRS, plaintiffs filed this action on December 24, 1986. As in the refund claim, plaintiffs directly contested the imposition, but not the computation, of the penalty. Plaintiffs' complaint did, however, suggest a challenge to the computation without stating the basis of that challenge: "[Plaintiffs] should not be subject to the asserted penalty under Section 6700 of the Internal Revenue Code *in the amount asserted or in any amount.*" (Emphasis added). Complaint, ¶ 9.

## II

Plaintiffs' motion for partial summary judgment contests the IRS' method of penalty computation. Plaintiffs ask this Court to find that if plaintiffs are found at trial to have been properly subject to liability, the appropriate penalty was no more than $2,440.00. The United States' motion for summary judgment asserts that the undisputed facts demonstrate plaintiffs' liability as a matter of law. The United States defends the $24,400.00 computation and further argues that this Court lacks jurisdiction over plaintiffs' challenge to the computation. We conclude that the undisputed facts establish plaintiffs' liability, and that plaintiffs cannot now challenge the $24,400.00 assessment.

### A. *Liability under Section 6700(a)*

■ It is undisputed that plaintiffs participated in the sale of interests in the O.E.C. investment plan and furnished to the purchasers the O.E.C. brochures that overvalued the energy control systems. The United States has provided evidence, and plaintiffs have not refuted,[3] that the overvaluations amounted to approximately 2000%. The United States contends that these facts establish as a matter of law plaintiffs' liability under § 6700(a)(2)(B). Plaintiffs argue that their undisputed reasonable lack of knowledge of the overvaluation either relieves them completely of liability or creates a fact issue as to whether the IRS abused its discretion by failing to waive that liability. We agree with the position of the United States.

The facts as set forth satisfy all of the requirements of liability under § 6700(a)(2)(B) of the Internal Revenue Code. Unlike § 6700(a)(2)(A) liability, lack of scienter is no defense here. *United States v. Music Masters, Ltd.,* 621 F.Supp. 1046, 1055 (W.D.N.C.1985), *aff'd,* 816 F.2d 674 (4th Cir.1987); *United States v. Turner,* 601 F.Supp. 757, 767 (E.D.Wisc.1985), *aff'd,* 787 F.2d 595 (7th Cir.1986). Accordingly, there is no merit to plaintiffs' contention that lack of scienter relieves them of liability.

■ The Code provides, however, that the Internal Revenue Service may in its discretion waive liability:

> The Secretary may waive all or any part of the penalty provided by subsection (a) with respect to any gross valuation overstatement on a showing that there was a reasonable basis for the valuation and that such valuation was made in good faith. 26 U.S.C. § 6700(b)(2).

Under this provision, the taxpayer bears the burden of showing good faith. Plaintiffs argue that lack of scienter establishes good faith, and there is thus a triable issue of whether the IRS abused its discretion in failing to waive plaintiffs' penalty. We

---

3. Once the movant has provided evidence, the opposing party must provide some contrary evidence to create a genuine issue of material fact. Plaintiffs have not done so, and we therefore treat this evidence as fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

disagree. It would be anomalous if lack of scienter cannot relieve the taxpayer of liability but can require the IRS to waive that liability. We conclude that lack of scienter by itself is insufficient to satisfy a showing of good faith. When, as here, plaintiffs present only lack of scienter as the basis of their claim of abuse of discretion, we must find that the IRS' failure to waive any or all of the penalty was proper.

Having failed to demonstrate any genuine issue of material fact, we find as a matter of law that plaintiffs are liable under § 6700(a)(2)(B).

### B. *Computation of the Penalty*

■ A taxpayers' first avenue of relief is to file a refund claim with the IRS that sets forth the bases of relief. 26 U.S.C. § 7422(a). Treas. Reg. § 301.6402–2.b.1. Taxpayers cannot raise issues in a lawsuit not first raised in that refund claim. *Boyd v. United States*, 762 F.2d 1369, 1371–72 (9th Cir.1985). This rule serves the twin goals of providing the IRS with an adequate chance to investigate an issue and promoting the administrative resolution of these disputes. *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931); *Carmack v. Scofield*, 201 F.2d 360, 362 (5th Cir.1953). The rule, however, is not unyielding, sometimes giving way to the recognition that taxpayers cannot be held to the formalities of legal pleading. "Claims for refunds are not governed by the niceties of common law pleadings." *Purnell v. United States*, 332 F.Supp. 65, 70 (W.D.Pa. 1971). Thus, for example, in *Red River Lumber Co. v. United States*, 134 Ct.Cl. 444, 139 F.Supp. 148 (1956), the court allowed the taxpayer to argue facts affecting the amount of recovery that were not set forth in the refund claim. *Id.* 139 F.Supp. at 149–150. *See also Winn–Dixie Montgomery, Inc. v. United States*, 444 F.2d 677, 679 n. 2 (5th Cir.1971).

■ We are unaware of any case in which the court allowed the taxpayer to assert a basis for recovery that challenges the penalty on grounds wholly independent of those asserted in the refund claim.

Those courts that have relaxed the rule have only done so to allow arguments involving factual errors in computation that by themselves could not have supported a new and separate basis for relief. *Ottawa Silica Co. v. United States*, 699 F.2d 1124, 1139 (Fed.Cir.1983). Plaintiffs' computation argument presents a new and separate basis for a refund. Even if plaintiffs were to fail in their challenge to § 6700 liability, successfully challenging the IRS computation method would result in a refund of $1,220.00 ($3,660 minus $2,440). Since plaintiffs did not set forth this basis in their refund claim, they cannot now assert it in this action.

■ Plaintiffs argue, nevertheless, that the rule should not bar their claim here because the IRS has already investigated the facts behind plaintiffs' computation claim. We believe this argument distorts the rule and ignores its justification. A refund claim sufficiently sets forth a basis for recovery in subsequent litigation if it notifies the IRS that the taxpayer does not agree with *conclusions of law* as well as issues of fact. *Ford v. United States*, 67–2 U.S.T.C. ¶ 9546, 84,740 (W.D.Ky.1967), *aff'd*, 402 F.2d 791 (6th Cir.1968). Plaintiffs' computation argument did not appear in the refund claim or complaint and first appeared in their motion for summary judgment. Unlike in *Purnell, supra*, and *Pearson v. Commissioner*, 443 F.Supp. 878 (E.D.N.Y.1978), the IRS did not and could not focus on the merits of this argument in the context of this case until this summary judgment motion. Further, even if the IRS were adequately forewarned of this basis for recovery, allowing plaintiffs to assert their new argument here would undermine the promotion of administrative resolution of these disputes.

Finally, plaintiffs argue they should be allowed to assert their computation claim recovery because they did not become aware of the IRS' method of computation until this litigation. We are unconvinced that plaintiffs did not have adequate opportunity to assert their computation argument in the refund claim. Plaintiffs did not need to know the precise computation

method that the IRS used to realize that a method that yielded a $24,400.00 penalty differed from plaintiffs' alleged proper method that yielded a $2,440.00 penalty. They could have asserted their own method of computation in the refund claim and thereby set forth the challenge that they attempt to first assert here.

## III

### *Conclusion*

The undisputed facts establish plaintiffs' liability under 26 U.S.C. § 6700(a)(2)(B). Plaintiffs' failure to challenge the computation of the $24,400.00 penalty in their refund claim precludes such a challenge here. Accordingly, the United States' motion for summary judgment is granted. It is so ordered.