**Sheldon STERN and Sara Stern, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 94–CV–0771 (CBA).**

United States District Court, E.D. New York.

Dec. 11, 1996.

---

Ronald Jay Cohen, Goshen, New York, for Plaintiffs.

United States Department of Justice, Washington, D.C. by Leslie M. Singer, for Defendant.

## MEMORANDUM & ORDER

AMON, District Judge.

### INTRODUCTION

The Court has received the well-reasoned Report and Recommendation of the Honorable Robert M. Levy, United States Magistrate Judge on defendant's motion to dismiss the amended complaint in the above-captioned action. Magistrate Judge Levy recommends that the defendant's motion to dismiss for lack of jurisdiction be granted. Having received and reviewed plaintiffs' objections to the Magistrate Judge's Report and Recommendation, and having conducted a *de novo* review of the record, the Court adopts the Report and Recommendation of the Magistrate Judge in its entirety, and dismisses the amended complaint. Plaintiffs may file a motion to reinstate their original complaint.

■ As set forth in the Magistrate Judge's Report and Recommendation, suits against the United States may only be maintained pursuant to a waiver of sovereign immunity. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). The Internal Revenue Code establishes the conditions for suit against the United States for tax refunds. 26 U.S.C. § 7422(a) provides that no suit may be brought "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." All refund claims must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the commissioner of the exact basis thereof." 26 C.F.R. § 301.6402–2(b). As described in the Report and Recommendation, the "variance doctrine" bars a taxpayer from raising issues in a suit against the United States that were not first raised in a claim for refund. *See* cases cited in R & R at 149–150.

■ The Magistrate Judge properly found that plaintiffs' amended complaint seeks to assert claims that are "both legally and factually" distinct from plaintiffs' administrative

claims for refund. R & R at 149–150. Plaintiffs initially asserted, in their administrative claim for refund and in their original complaint, that Mr. Stern was an independent contractor rather than an employee of Allstate Insurance Company. Through their amended complaint, plaintiffs alter their theory and suggest that Mr. Stern was operating under a dual status of employee and independent contractor during the years in question. The Magistrate Judge found that the Internal Revenue Service (IRS) had not had an adequate opportunity to evaluate the claim as asserted in the amended complaint.

Where the fact that plaintiffs have materially changed position is so obvious on its face, their objection that they should be allowed an opportunity to show that defendant was not surprised or prejudiced by the assertions in the amended complaint is completely without merit. Indeed, courts have noted that the propriety of refusing an amendment does not depend on a showing of prejudice to the government. *Sappington v. United States,* 408 F.2d 817, 820 (4th Cir.), *cert. denied,* 396 U.S. 876, 90 S.Ct. 150, 24 L.Ed.2d 133 (1969) (citing *United States v. Hancock Bank,* 400 F.2d 975, 981 (5th Cir.1968)). The Magistrate Judge properly concluded that the IRS had not had an adequate opportunity to evaluate the claim as presented by plaintiffs through their amended complaint.

Plaintiffs also object to the Report and Recommendation as a matter of equity. Plaintiffs assert that the Court should permit them to file a motion reinstating the original complaint and allowing the trier of fact to rule on the actual status of plaintiff; "either as an independent contractor, employee or dual status." The Court grants plaintiffs leave to move to reinstate the original complaint to the extent that it raises the same claim that was before the Secretary of the IRS; namely, claimant's status as an independent contractor. Plaintiffs cannot, however, assert their theory of dual status under the original complaint for the same reasons that Magistrate Judge Levy found that they

could not assert it through their amended complaint.

The Report and Recommendation of Magistrate Judge Levy is thus adopted in its entirety and the amended complaint is dismissed. Plaintiffs have ten days from the date of this Order to move to reinstate the original complaint.

SO ORDERED.

## *REPORT AND RECOMMENDATION*

LEVY, United States Magistrate Judge:

By order dated March 14, 1996, the Honorable Carol Bagley Amon, United States District Judge, referred the above-captioned matter to me for a report and recommendation on defendant's motion to dismiss plaintiffs' complaint. For the reasons set forth below, I respectfully recommend that defendant's motion be granted.

## **BACKGROUND AND FACTS**

Plaintiff Sheldon Stern was an insurance agent for the Allstate Insurance Company ("Allstate") for the tax years 1990, 1991 and 1992. He and his wife, Sara Stern, commenced this action on February 23, 1994; they seek a tax refund totaling $51,447 in conjunction with amended tax returns for those three tax years.

Before filing the instant action, plaintiffs filed an administrative claim with the Internal Revenue Service ("I.R.S."), contending that Allstate mistakenly had classified plaintiff Sheldon Stern as an employee instead of granting him independent contractor status. Plaintiffs' petition to the I.R.S. for a redetermination of Sheldon Stern's employment status with Allstate relied exclusively on the United States Tax Court's decision in *Butts v. Commissioner of Internal Revenue,* 66 T.C.M. (CCH) 1041, 1993 WL 410704 (1993), *aff'd,* 49 F.3d 713 (11th Cir.1995).[1] In *Butts,* an Allstate representative received a judicial redetermination of his employment status as that of an independent contractor, and not an

---

1. Specifically, each of plaintiffs' amended tax returns for the years 1990, 1991 and 1992 stated: "The basis for the change of the 199_ Form 1040 Adjusted Gross Income is predicated on the attached memorandum from the United States Tax Court in the Matter of Dan P. and Cynthia D. Butts, Petitioners v. Commissioner of Internal Revenue, Respondent, Docket No. 18289–92, Filed Oct. 18, 1993."

employee. As a result, the plaintiff in *Butts* was permitted to deduct office expenses as Schedule C business expenses.[2]

The I.R.S. disallowed plaintiffs' claim, citing the uncertainty of I.R.S. policy regarding the *Butts* decision:

> The official word from the National Office is that the decision in the case of Butts v. Commissioner of the Internal Revenue Service is not binding nationwide. The case is currently in appeals, therefore your claim cannot be accepted until this issue is resolved.[3]

After receiving the I.R.S. District Director's letter disallowing their claim, plaintiffs brought their original complaint in this action, which repeated the facts and theory of their administrative action and sought the same amount in tax refunds, *i.e.,* a total of $51,447. Shortly thereafter, the United States informed plaintiffs of the potential consequences on their tax liability were they to obtain a ruling that Sheldon Stern was not an employee of Allstate, but instead was an independent contractor. Specifically, the United States explained that, as an independent contractor, Mr. Stern would be required to report the payments made by Allstate on his behalf to FICA, social security, a company pension fund, health insurance, and so forth, as additional taxable income. Furthermore, the tax-exempt status of a substantial IRA rollover undertaken by Mr. Stern during this period would be reevaluated and would potentially accrue additional tax liability. While plaintiffs would receive more favorable tax treatment in terms of exempting certain business expenses, the government explained that the net result of a judicial

redetermination concerning Mr. Stern's employment status would likely be an increased tax liability instead of plaintiffs' hoped-for refund.[4]

In light of that information, plaintiffs amended their complaint. In their amended complaint, the subject of the current motion to dismiss, plaintiffs withdraw their claim that Sheldon Stern was not an employee of Allstate. Plaintiffs now allege that Mr. Stern was, for purposes of calculating income taxes, both an employee of Allstate *and* an independent contractor. They calculate that sixty percent of Mr. Stern's total book income reported can be attributed to his position as an Allstate employee and that the remaining forty percent of Mr. Stern's gross income should be deemed independent contractor income. Thus, according to plaintiffs, the income gained through FICA, social security and other contributions occurred within the employer-employee relationship between Allstate and Mr. Stern.

The government moves to dismiss plaintiffs' complaint on jurisdictional grounds. It argues that the issue plaintiffs raise in this action "fatally varies" from that raised in plaintiffs' administrative claim.

## DISCUSSION

It is well-settled that the United States, as sovereign, may not be sued without its consent. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058

---

**2.** Plaintiffs note that there have been a number of cases concerning employment relationships between Allstate and its "Neighborhood Office Agents." Three such cases have been decided (*Smithwick v. Commissioner,* T.C.M. 1993–582, 1993 WL 503911, *aff'd per curiam sub nom., Butts v. Commissioner,* 49 F.3d 713 (11th Cir. 1995); *Butts v. Commissioner* (cited above), and *Mosteirin v. Commissioner,* T.C.M. 1995–419, 70 T.C.M. 548, 1995 WL 507584 (1995)). Four cases have been settled (*Clark v. Commissioner,* docket No. 5484–94; *Byrd v. Commissioner,* docket No. 24892–93; *Dukes v. Commissioner,* docket No. 24598–93; *Caudill v. Commissioner,* docket No. 1456–94). Plaintiffs contend that at least eleven cases are presently pending before

the Tax Court, including *Noble v. Commissioner,* docket No. 4823–93; *Wood v. Commissioner,* docket No. 15776–93; *Tofig v. Commissioner,* docket No. 1794–94; and *Cohen v. Commissioner,* docket No. 1140–95.

**3.** Letter from I.R.S. District Director, to Plaintiffs (January 14, 1994), annexed as Exhibit A to Plaintiffs' Response to United States' Motion to Dismiss.

**4.** *See* Letter from D. Patrick Mullarkey, Esq., to Steven M. Etkind, Esq. (November 21, 1994), annexed as Exhibit A to Memorandum in Support of United States' Motion to Dismiss.

(1941). Moreover, a waiver of sovereign immunity may not be implied, but must be expressed unequivocally. *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981). Thus, no suit may be maintained against the United States unless the complaint complies exactly with the terms of the statute pursuant to which the government has consented to be sued. *Lehman,* 453 U.S. at 160, 101 S.Ct. at 2701; *Sherwood,* 312 U.S. at 590, 61 S.Ct. at 771.

Actions against the United States for tax refunds may only be brought under a narrowly construed set of guidelines set forth in the Internal Revenue Code. *See* 28 U.S.C. § 1346(a)[5] and 26 U.S.C. § 7422(a).[6] In the present matter, the relevant rule is 26 C.F.R. § 301.6402–2(b) (Treas.Reg.1992), which requires all refund claims to "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402–2(b). *See also United States v. Felt & Tarrant Mfg. Co.,* 283 U.S. 269, 272, 51 S.Ct. 376, 377–78, 75 L.Ed. 1025 (1931); *United States v. Forma,* 42 F.3d 759, 767 n. 13 (2d Cir.1994); *Barenfeld v. United States,* 194 Ct.Cl. 903, 442 F.2d 371, 373–74 (1971). The Commissioner of Internal Revenue is entitled to insist upon full compliance with this regulation, which affords the I.R.S. an opportunity to examine the facts and legal arguments that are central to a plaintiff's claim before coming to federal court. *Angelus Milling Co. v. Commissioner,* 325 U.S. 293, 296, 65 S.Ct. 1162, 1164, 89 L.Ed. 1619 (1945); *Sappington v. United States,* 408 F.2d 817, 819 (4th Cir.), *cert. denied,* 396 U.S. 876, 90 S.Ct. 150, 24 L.Ed.2d 133 (1969). *See also United States v. Memphis Cotton Oil*

*Co.,* 288 U.S. 62, 71, 53 S.Ct. 278, 281–82, 77 L.Ed. 619 (1933).

Thus, before a plaintiff is permitted to seek redress in federal court, it must present its claim to the I.R.S. and give the agency an adequate opportunity to investigate and resolve the claim. According to this rule, known generally as the "variance doctrine," a taxpayer "cannot raise issues in a lawsuit not first raised in a refund claim." *McMorrow v. United States,* 75 A.F.T.R.2d 95–801, 95–802, 1995 WL 3961, at *1 (N.D.Ill.1995) (citing *MOK Partners v. United States,* 673 F.Supp. 918, 921 (N.D.Ill.1987)). Indeed,

> "[i]t is an undisputed general rule that a ground for refund neither specifically raised by, nor comprised within the general language of, a timely formal or informal application for refund to the Internal Revenue Service cannot be considered by a court in which a suit for refund is subsequently initiated."

*Niagara Mohawk Power Corp. v. United States,* 207 Ct.Cl. 576, 525 F.2d 1380, 1387 (1975) (quoting *Union Pacific Railroad v. United States,* 389 F.2d 437, 442, 182 Ct.Cl. 103, 108 (1968)). *See also Krasnow v. United States,* 508 F.Supp 1099, 1104 (S.D.N.Y. 1981) (dismissing claim for refund where taxpayer attempted to argue a basis for recovery that was different from that presented in earlier administrative claim).

In this case, plaintiffs based both their administrative claim and their original complaint exclusively on the holding in *Butts,* in which "[t]he sole issue for decision [was] whether petitioner Dan P. Butts performed services for Allstate Insurance Company as an employee *or* as an independent contractor during the year at issue." *Butts,* 66 T.C.M.

---

**5.** 28 U.S.C. § 1346(a), entitled "United States as defendant," states: "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of ... [a]ny civil action against the United States for the recovery of any internal-revenue [sic] tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

**6.** 26 U.S.C. § 7422(a), entitled "No suit prior to filing claim for refund," states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

at 1041 (emphasis added). As defendant points out, plaintiffs' current "dual status" theory of recovery is wholly inconsistent with and rejects *Butts*. Rather than arguing that plaintiff Sheldon Stern was an independent contractor, as they did in their administrative claim, plaintiffs now assert that Mr. Stern was an employee of Allstate, as well as an independent contractor. That theory, *i.e.*, that Mr. Stern held a position of "employer entrepreneur" with Allstate, is wholly distinct from plaintiffs' previous claim both legally and factually. In fact, the present claim directly contradicts plaintiffs' earlier allegations regarding Mr. Stern's employment status; the amended complaint asserts that Mr. Stern was, in part, an employee of Allstate, whereas plaintiffs previously had denied that he was an employee. Consequently, the I.R.S. has not had an adequate opportunity to evaluate the claim as amended.

In opposition to the government's motion to dismiss, plaintiffs argue that the I.R.S. has waived the specificity requirements set forth in the Code of Federal Regulations. In support of that argument, plaintiffs cite *Martinez v. United States*, 595 F.2d 1147 (9th Cir.1979). In that case, the plaintiff had filed a claim for a tax refund, which the I.R.S. District Director disallowed in full. *Id.* at 1147. The district court dismissed the plaintiff's subsequent federal action, holding that his vaguely worded administrative claim had failed to comply with 26 C.F.R. § 301.6402–2(b), which requires that a claim for refund specify in detail all grounds and supporting facts on which the claim is based. The Ninth Circuit reversed and remanded, concluding that the I.R.S. had waived the specificity requirement "by reviewing the appellant's files and considering his claim on the merits." *Id.* at 1148.

Contrary to plaintiffs' argument, *Martinez* is inapposite here. Unlike the defendant-appellee in *Martinez*, the government in this case does not argue that plaintiffs' administrative claim lacked sufficient specificity. Rather, it contends that plaintiffs never raised their current theory in the administrative action. Since the theory of recovery plaintiffs set forth in their amended complaint is different from, and in fact *contradicts*, that set forth in their administrative claim, the I.R.S. cannot be deemed to have considered their present claim on the merits. Accordingly, the I.R.S. did not waive the specificity requirement.

Plaintiffs further argue that the United States has waived the use of the variance doctrine in this case by raising "new issues by way of defense, first with respect to taxing a $750,00.00 [sic] IRA rollover and secondly with respect to taxing various employee benefits by means of an offset which helped clarify in Plaintiffs [sic] mind the need and factual correctness for the dual status position." It is true that a taxpayer plaintiff generally is permitted to raise new issues in federal court that respond directly to a defense raised by the United States. *See Brown v. United States*, 427 F.2d 57 (9th Cir.1970); *Mennen Co. v. Kelly*, 137 F.2d 866 (3d Cir.1943). However, the United States has not raised any new defenses in this case. It simply stated its intention to treat Mr. Stern consistently as an independent contractor if he were to win on his original claim for reclassification, and explained the potential consequences of such consistent treatment. Therefore, this argument is misplaced.

Next, plaintiffs cite *Aetna Life Ins. Co. v. United States*, 89–1 U.S.T.C. ¶ 9182, 16 Cl. Ct. 364 (1989), *aff'd*, 935 F.2d 280 (Fed.Cir. 1991), for the proposition that the variance doctrine does not apply when the I.R.S. changes its position on the tax treatment of items subject to a refund claim. In *Aetna*, the I.R.S. had disallowed the same claimed deduction for nineteen successive years, but had stated different reasons for doing so over time. The court held that, while Aetna's administrative refund documents were vague, they did generally encompass the legal theory later raised in the federal court action. The court further held that Aetna's lack of specificity could not be used to deny the plaintiff its day in court, since "the failure to define the insurance contracts at issue was not due to any fault on the part of plaintiff." *Id.*, 16 Cl.Ct. at 373. As the court explained, "it was not plaintiff who changed its position, but defendant." *Id.*

In the instant case, by contrast, the United States has not changed its legal position or its tax treatment of plaintiffs in any way. Rather, the plaintiffs have changed their theory of recovery. Plaintiffs argue that if their claim "lacked clarity," it was "not due to any error on the part of Plaintiff[s] but attributable to the failure of Congress, the Courts and the Internal Revenue Service to deal with the current uncertainties in the law dealing with a workers [sic] classification as an independent contractor, employee or both. There can be no question as to how unclear the present law is and how difficult it was for Plaintiff[s] to develop a refund position with any exactitude."[7] Concededly, I.R.S. policy appears to be in a state of flux regarding the tax status of Allstate's "Neighborhood Office Agents." However, *Aetna* does not stand for the broad proposition that the variance doctrine is inapplicable when the law is in a state of flux. Rather, that case allows the court to excuse vagueness or ambiguity in a taxpayer's administrative claim when the I.R.S. has caused confusion by changing its position with regard to that taxpayer's particular claim over time. As explained above, there is no allegation in this case that plaintiffs' administrative claim lacked specificity; plaintiffs' amended returns clearly sought independent contractor status. Moreover, plaintiffs do not contend that the I.R.S. has ever changed its tax treatment with respect to Mr. Stern. Accordingly, *Aetna* is not relevant to this case.[8]

Finally, citing *Tucker v. Alexander,* 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927), and *First Nat'l Bank of Fayetteville v. United States,* 727 F.2d 741 (8th Cir.1984), plaintiffs assert that defendant "should be estopped from utilizing the Variance Doctrine because the Defendant failed to raise the defense until very late in the refund litigation matter thereby significantly prejudicing Plaintiff."[9] Plaintiffs filed their amended complaint on November 1, 1995, raising their "dual status" theory for the first time more than a year after filing their original complaint. Defendant filed its motion to dismiss on March 5, 1996, having received plaintiffs' responses to interrogatories on December 30, 1995. The court further takes judicial notice of the fact that the intervening four months saw a number of federal government shutdowns due to budget disputes between Congress and the President. Accordingly, the United States did not delay unreasonably in moving to dismiss on variance grounds.

Since plaintiffs did not raise their current "dual status" theory in their administrative refund claim, the variance doctrine bars them from doing so in the instant case. Accordingly, I respectfully recommend that plaintiffs' amended complaint be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, the court finds that the allegations contained in plaintiffs' amended complaint are distinct from the claims plaintiffs presented previously in their administrative claim and in their original complaint. As a result, this matter no longer falls within the narrow jurisdiction granted to this court by 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422(a). The undersigned thus respectfully recommends that the court grant the United States' motion to dismiss for lack of jurisdiction.

Objections to this report and recommendation must be filed with the Clerk of the Court within ten (10) days to preserve appellate review. *See* 28 U.S.C. § 636(b)(1).

---

**7.** Letter from Ronald Jay Cohen, Esq., to the Court (June 29, 1996).

**8.** Plaintiffs further contend that the variance doctrine does not apply when the I.R.S. "actually understood the disputed issue or theory being raised in the refund claim" or "should have reasonably known that the issue or theory was being raised." Letter from Ronald Jay Cohen, Esq., to the Court (June 29, 1996) (citing *Levitsky v. United States,* 27 Fed.Cl. 235 (1992); *Oregon Metallurgical Corp. v. United States,* 12 Cl.Ct. 447 (1987)). According to plaintiffs, "in light of the enormous number of independent contractor-employee cases and with specificity the number involving Allstate Insurance Company Neighborhood Office Agents it is inappropriate for the IRS to assert surprise with the assertion of independent contractor status or dual status." However, plaintiffs point to nothing in their administrative claim or in any other case that could have put the I.R.S. on notice of their "dual status" theory. Therefore, that argument lacks merit.

**9.** Letter from Ronald Jay Cohen, Esq., to the Court (June 29, 1996).

Dated: Brooklyn, New York
September 30, 1996